1

2

3

4

5

6

7

8

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>        Plaintiffs,<br><br>        v.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC., NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>        Defendants. | NO.    2:18-cv-00112-JCC<br><br>**SARBANAND FARMS, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

18

### ANSWER

19

Sarbanand Farms, LLC ("Sarbanand" or "Sarbanand Farms") answers the allegations in

20

the First Amended Complaint for Damages and Injunctive Relief (the "FAC") as follows:

21

### PRELIMINARY STATEMENT

22

1.      Sarbanand Farms admits that this is a putative employment-law class action

23

making various allegations but denies the allegations themselves and otherwise denies the

24

allegations in Paragraph 1.

25

2.      Sarbanand Farms denies the allegations in Paragraph 2.

26

27

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 1
No. 2:18-cv-00112-JCC

3.      Sarbanand Farms admits that Plaintiffs make various allegations under the FLCA but denies the allegations themselves and otherwise denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      Sarbanand Farms admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiffs' claims as pleaded under 18 U.S.C. § 1595(a) but denies that the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiffs' remaining claims brought under the laws of Washington State.  The allegations in paragraph 4 are otherwise denied.

5.      Sarbanand Farms admits that this Court has subject-matter jurisdiction over the Plaintiffs' claims brought under 18 U.S.C. § 1595(a) but denies that 18 U.S.C. § 1595(a) grants original subject-matter jurisdiction to this Court over the Plaintiffs' remaining claims brought under the laws of Washington State.  The allegations in paragraph 5 are otherwise denied.

6.      Sarbanand Farms denies that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' claims brought under the laws of Washington State, as the claims under 18 U.S.C. § 1595(a)—the only federal claims asserted—are not sufficiently substantial to confer federal jurisdiction over the remaining claims.  The allegations in paragraph 6 are otherwise denied.

7.      Without waiving objections to jurisdiction, Sarbanand Farms admits that venue is proper in the Western District of Washington.

## PARTIES

8.      Sarbanand Farms admits that Plaintiff Barbaro Rosas was hired to provide services to Sarbanand Farms as an H-2A worker in 2017 until such employment was terminated on or about August 5, 2017.  Sarbanand Farms otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 8.

9.      Sarbanand Farms admits that Plaintiff Guadalupe Tapia was hired to provide services to Sarbanand Farms as an H-2A worker in 2017 until such employment was terminated

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 2
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1   on or about August 5, 2017.  Sarbanand Farms otherwise lacks knowledge or information

2   sufficient to answer the allegations in paragraph 9.

3        10.    Sarbanand Farms admits that it is a Washington Limited Liability Company

4   with its principal place of business in Sumas, Washington, which is located in Whatcom

5   County.  The allegations in paragraph 10 are otherwise denied.

6        11.    The allegations in paragraph 11 pertain to Munger Bros., LLC ("Munger Bros.")

7   and do not require a responsive pleading from Sarbanand Farms.

8        12.    Sarbanand Farms admits that Ms. Perez is, on information and belief, a resident

9   of California and admits that Ms. Perez acted as an employee-agent of Sarbanand Farms for

10   purposes of the allegations against her concerning employees hired to work on behalf of

11   Sarbanand Farms through the H-2A visa program regulated by the Department of Labor during

12   the 2017 blueberry harvest in Sumas, Washington.  The allegations in paragraph 11 pertaining

13   to Munger Bros. do not require a responsive pleading from Sarbanand Farms.  The allegations

14   in paragraph 12 are otherwise denied.

15        13.    On information and belief, Sarbanand Farms admits that Defendant CSI Visa

16   Processing S.C. was a company established in, and with its principal place of business in, the

17   state of Durango, Mexico.  Sarbanand Farms otherwise lacks knowledge or information

18   sufficient to answer the allegations in paragraph 13.

19   **STATEMENT OF FACTS**

20        14.    Sarbanand Farms admits that workers, including Plaintiffs, were hired to work

21   on behalf of Sarbanand Farms through the H-2A visa program regulated by the Department of

22   Labor during the 2017 blueberry harvest.  Sarbanand Farms otherwise lacks knowledge or

23   information sufficient to answer the allegations as to the nationalities of plaintiffs.  The

24   allegations in paragraph 14 are otherwise denied.

25        15.    The allegations in paragraph 15 concern Munger Bros. and do not require a

26   responsive pleading from Sarbanand Farms.

27        16.    Sarbanand Farms denies the allegations in paragraph 16.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

17.     Sarbanand Farms admits that Sarbanand has officers in common with Munger Bros.  Sarbanand Farms further admits that Sarbanand pays an allocation of Munger Bros. overhead for certain administrative and management resources provided to Sarbanand by Munger Bros.  The allegations in paragraph 17 are otherwise denied.

18.     The allegations in paragraph 18 concern Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

19.     The allegations in paragraph 19 concern Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

20.     The allegations in paragraph 20 concern Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

21.     The allegations in paragraph 21 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

22.     On information and belief, Sarbanand Farms denies the allegations in paragraph 22.

23.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 23.

24.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 24.

25.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 25.

26.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 26.

27.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 27.

28.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 28.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 4
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

29.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 29.

30.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 30.

31.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 31.

32.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 32.

33.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 33.

34.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 34.

35.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 35.

36.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 36.

37.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 37.

38.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 38.

39.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 39.

40.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 40.

41.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 41.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

42.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 42.

43.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 43.

44.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 44.

45.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 45.

46.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 46.

47.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 47.

48.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 48.

49.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 49.

50.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 50.

51.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 51.

52.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 52.

53.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 53.

54.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 54.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 6
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

55.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 55.

56.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 56.

57.     Sarbanand Farms lacks knowledge or information sufficient to answer the allegations in paragraph 57.

58.     The allegations in paragraph 58 concern Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

59.     The allegations in paragraph 59 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

60.     Sarbanand Farms admits that it engaged WAFLA in 2015 and 2016 and otherwise denies the allegations pertaining to it in paragraph 60.  The allegations in paragraph 60 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

61.     Sarbanand Farms admits that it did not engage WAFLA in 2017.  The allegations in paragraph 61 are otherwise denied.

62.     Sarbanand Farms admits that it knew that the H-2A visa program included various requirements and limitations on employers and employees seeking to benefit from it but denies the allegations in this paragraph that purport to characterize those regulations.  The allegations in paragraph 62 pertaining to it are otherwise denied.  The allegations in paragraph 62 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

63.     Sarbanand Farms admits that it knew that the H-2A visa program included various requirements and limitations on employers and employees seeking to benefit from it but denies the allegations in this paragraph that purport to characterize those regulations.  The allegations in paragraph 63 pertaining to it are otherwise denied.  The allegations in paragraph 63 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

64.     Sarbanand Farms denies the allegations in paragraph 64 pertaining to it.  The allegations in paragraph 64 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

65.     Sarbanand Farms denies the allegations in paragraph 65 pertaining to it.  The allegations in paragraph 65 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

66.     Sarbanand Farms denies the allegations in paragraph 66 pertaining to it.  The allegations in paragraph 66 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

**Sarbanand's Use of H-2A Workers in 2015 and 2016**

67.     Sarbanand Farms admits that it contracted with WAFLA to assist it with the preparation and filing of the Agricultural and Food Processing Clearance Order ETA Form 790 and associated documentation with the Department of Labor Employment and Training Administration in 2015 and 2016.  The allegations in paragraph 67 pertaining to it are otherwise denied.  The allegations in paragraph 67 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

68.     Sarbanand Farms admits that clearance was sought by Sarbanand, with WAFLA's assistance, from the Department of Labor to hire 248 workers with H-2A visas to assist with the 2015 harvest from July 4 through November 2, 2015.  The allegations in paragraph 68 are otherwise denied.

69.     Sarbanand Farms admits that clearance was sought by Sarbanand, with WAFLA's assistance, from the Department of Labor to hire 475 workers with H-2A visas to assist with the 2016 harvest.  The allegations in paragraph 69 are otherwise denied.

70.     Sarbanand Farms admits that two Job Orders were filed with the Department of Labor in 2016, covering the dates July 4 to October 5 and July 23 to October 15, 2016.  The allegations in paragraph 70 are otherwise denied.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 8
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

71.     Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 71 are otherwise denied.

72.     Sarbanand Farms admits that the plaintiffs and at least some other putative class members elected to work for Sarbanand in 2016 harvesting blueberries and to return to Sarbanand in 2017 for the same purpose.

73.     The allegations in paragraph 73 concern Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

**Munger's 2017 California H-2A Applications**

74.     Sarbanand Farms admits that it did not contract with WAFLA in 2017, and that Sarbanand Farms filed paperwork with the Department of Labor to employ foreign workers to work on behalf of Sarbanand through the H-2A visa program regulated by the Department of Labor during the 2017 blueberry harvest in Sumas, Washington.  The allegations in paragraph 74 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms. The allegations in paragraph 74 are otherwise denied.

75.     Sarbanand Farms admits that it elected to employ workers to work on behalf of Sarbanand through the H-2A visa program regulated by the Department of Labor during the 2017 blueberry harvest in Sumas, Washington, and that Sarbanand sought permission to transfer some H-2A workers from Munger Bros. to Sarbanand Farms.  The allegations in paragraph 75 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.  The allegations in paragraph 75 are otherwise denied.

76.     The allegations in paragraph 76 pertain to other defendants or entities and do not require a responsive pleading from Sarbanand Farms.

77.     The allegations in paragraph 77 pertain to other defendants or entities and do not require a responsive pleading from Sarbanand Farms.

78.     The allegations in paragraph 78 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

79.     The allegations in paragraph 79 pertain to other defendants and do not require a responsive pleading from Sarbanand Farms.

80.     On information and belief, Sarbanand Farms admits that Crowne Cold Storage, LLC, a California Limited Liability Company that processes blueberries for Sarbanand, contracted with CSI to with potential H-2A workers in Mexico concerning obtaining a visa to take advantage of the opportunity to harvest and package blueberries in Sumas, Washington. The allegations in paragraph 80 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand.  The allegations in paragraph 80 are otherwise denied.

81.     On information and belief, Sarbanand Farms admits that Ms. Perez signed the contract between Crowne Cold Storage and CSI.

82.     Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 82.

83.     Sarbanand Farms denies that CSI was required to have a valid Washington State farm labor contractor license and therefore denies that it had any obligation to inquire, or "failed to inquire," about such license.  The allegations in paragraph 83 are otherwise denied.

84.     Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 84.

85.     The allegations in paragraph 85 are unclear, and Sarbanand Farms therefore denies them.

86.     On information and belief, Sarbanand Farms admits the allegations in paragraph 86.

87.     Sarbanand Farms admits that Ms. Perez, as an employee-agent on behalf of Sarbanand Farms, communicated with putative class members who she was aware had prior blueberry picking experience about working for Sarbanand Farms in the blueberry harvest in 2017.  The allegations in paragraph 87 are otherwise denied.

88.     Sarbanand Farms admits that Ms. Perez, as an employee-agent on behalf of Sarbanand, guided some potential workers to CSI to receive information concerning obtaining

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 10
No. 2:18-cv-00112-JCC

a visa to take advantage of the blueberry-harvest opportunity through the H-2A program. The allegations in paragraph 88 are otherwise denied.

89.     Sarbanand Farms admits that Ms. Perez, as an employee-agent on behalf of Munger Bros., communicated a list of workers to CSI who had worked for Sarbanand previously for potential visa applications for work at Sarbanand in 2017. The allegations in paragraph 89 are otherwise denied.

90.     Sarbanand Farms admits that the list of workers referenced in paragraph 89 included those who had previously worked harvesting blueberries at Sarbanand Farms in Washington State in 2016 and/or 2015, a harvest lasting from July to October. The allegations in paragraph 90 are otherwise denied.

91.     Sarbanand Farms denies the allegations in paragraph 91.

92.     Sarbanand Farms denies that Ms. Perez was required to register with the Washington State Department of Labor and Industries as a farm labor contractor and therefore denies that she could have failed to do so.

93.     Sarbanand Farms denies that Ms. Perez was required to obtain a bond to operate as a farm labor contractor and therefore denies that she could have failed to do so.

94.     Sarbanand Farms denies that, as an employee-agent working for Sarbanand, Ms. Perez was required to have a valid Washington State farm labor contractor license and therefore denies that it had any obligation to inquire, or "failed to inquire," about such license. The allegations in paragraph 94 are otherwise denied.

95.     Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 95 concerning "that list" and any actions undertaken by CSI with respect to it. The allegations in paragraph 95 are otherwise denied.

96.     The allegations in paragraph 96 pertain to other defendants or entities and do not require a responsive pleading from Sarbanand Farms.

97.     The allegations in paragraph 97 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

98.     The allegations in paragraph 98 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

99.     The allegations in paragraph 99 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

100.    The allegations in paragraph 100 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

101.    The allegations in paragraph 101 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

102.    The allegations in paragraph 102 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

103.    The allegations in paragraph 103 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

104.    The allegations in paragraph 104 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

105.    The allegations in paragraph 105 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

106.    The allegations in paragraph 106 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

107.    The allegations in paragraph 107 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

108.    The allegations in paragraph 108 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

109.    The allegations in paragraph 109 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

110.    The allegations in paragraph 110 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

111.     The allegations in paragraph 111 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

112.     The allegations in paragraph 112 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

113.     Sarbanand Farms denies the allegations in paragraph 113.

114.     The allegations in paragraph 114 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

115.     The allegations in paragraph 115 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

**Sarbanand's 2017 Washington State H-2A Applications**

116.     The allegations in paragraph 116 pertain to Munger Bros. and do not require a responsive pleading from Sarbanand Farms.

117.     Sarbanand Farms admits that on or about May 2, 2017, Cliff Woolley, the Chief Administrative Officer of Sarbanand Farms, signed an Agricultural and Food Processing Clearance Order ETA Form 790, along with associated documentation, on behalf of Sarbanand Farms.  The allegations in paragraph 117 are otherwise denied.

118.     Sarbanand Farms admits that the Agricultural and Food Processing Clearance Order ETA Form 790 and associated documentation signed on behalf of Sarbanand Farms on or about May 2, 2017 sought clearance for the hiring of 558 workers with H-2A visas to assist with the harvest and packaging of blueberries between July 10 and October 25, 2017.  The allegations in paragraph 118 are otherwise denied.

119.     Sarbanand Farms admits that, on or about May 12, 2017, Mr. Woolley signed an additional Agricultural and Food Processing Clearance Order ETA Form 790, along with associated documentation, on behalf of Sarbanand Farms, which sought clearance for the hiring of 60 workers with H-2A visas to assist with the harvest and packaging of blueberries between July 10 and October 25, 2017.  The allegations in paragraph 119 are otherwise denied.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 13
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

120.     Sarbanand Farms admits that the Agricultural and Food Processing Clearance Orders ETA Form 790 and associated documentation referenced in the immediately preceding paragraphs included Job Orders, which constituted the government-approved work contracts between Sarbanand and the H-2A workers and contained terms consistent with applicable regulations regarding pay structure, work expectations, work rules, and information on transportation, housing, and food.  Sarbanand Farms denies that the Job Orders contained "all pay and work conditions" and otherwise denies the allegations in paragraph 120.

121.     Sarbanand Farms admits that, in connection with the H-2A visa program, applicable regulations impose various requirements on program participants, including Sarbanand Farms, including that it sign an "Intrastate and Interstate Clearance Order" that included certain assurances.  The allegations in paragraph 121 are otherwise denied.

122.     Sarbanand Farms admits that the United States Department of Labor Employment and Training Administration ultimately approved and provided clearance based on the Agricultural and Food Processing Clearance Orders ETA Form 790 submitted by Sarbanand Farms in or about May 2017 (as thereafter modified), including authorizing the utilization of 618 workers with H-2A visas to assist with the blueberry harvest at Sarbanand on the specified and approved terms in the applicable Job Orders.  The allegations in paragraph 122 are otherwise denied.

123.     Sarbanand Farms denies the allegations in paragraph 123.

124.     Sarbanand Farms admits that Sumas, Washington sits next to the border between the United States and Canada and includes a border-crossing point providing access to Canada from the United States.  Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 124.

125.     Sarbanand Farms admits that Javier Sampedro is a manager employed by Sarbanand.  Sarbanand Farms otherwise denies the allegations in paragraph 125.

126.     Sarbanand Farms admits that Sarbanand employees and managers informed H-2A workers in 2017 that they were validly in the United States and approved to work at

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 14
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Sarbanand Farms, including those workers whose visas had only been issued through approximately July 2017, and that documentation of such status from the Department of Labor other than the Job Order, which constituted the government-approved work contract between each H-2A worker and Sarbanand Farms, was delayed.  The allegations in paragraph 126 are otherwise denied.

127.     Sarbanand Farms admits that it provided government-approved housing for all workers who were too distant from their homes to return home at the end of each work day, consistent with applicable regulations.  The allegations in paragraph 127 are otherwise denied.

128.     Sarbanand Farms denies the allegations in paragraph 128.

129.     Sarbanand Farms admits that it restricted entry onto its property to authorized personnel, who were free to enter or leave at any time.  Sarbanand Farms admits that a guard was hired to protect the property and belongings of individuals living and working there.  The allegations in paragraph 129 are otherwise denied.

130.     Sarbanand Farms admits the allegations in paragraph 130.

**Sarbanand's Purported "Death Bed" No Sick Days Policy**

131.     Sarbanand Farms admits that the workers with H-2A visas who were present at Sarbanand on or about July 10, 2017 were asked to sign the applicable Job Order, which constituted the government-approved work contract between Sarbanand and each H-2A worker who accepted employment thereunder.  The allegations in paragraph 131 are otherwise denied.

132.     Paragraph 132 contains legal conclusions that do not require a responsive pleading.

133.     Sarbanand Farms admits that Ms. Perez stated to workers gathered in early July at Sarbanand, "Al menos que se esten muriendo, no falten."  The allegations in paragraph 133 are otherwise denied.

134.     The allegations in paragraph 134 pertain to other defendants and do not require a responsive pleading from Sarbanand Farms.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 15
No. 2:18-cv-00112-JCC

135. The allegations in paragraph 135 pertain to other defendants and do not require a responsive pleading from Sarbanand Farms.

**Sarbanand's Purported Use of Illegal and Unauthorized Production Standards**

136. Sarbanand Farms admits that the applicable Job Orders, which constituted the government-approved work contracts between Sarbanand and the H-2A workers, contained terms consistent with applicable regulations, including terms setting standards for productivity for the workers.  The allegations in paragraph 136 are otherwise denied.

137. Sarbanand Farms admits that the applicable Job Orders, which constituted the government-approved work contracts between Sarbanand and the H-2A workers, contained terms consistent with applicable regulations, including terms setting standards for productivity for the workers, including, but not limited to, the language quoted in paragraph 137.  The allegations in paragraph 137 are otherwise denied.

138. Sarbanand Farms denies the allegations in paragraph 138.

139. Sarbanand Farms admits that Ms. Perez informed employees assisting with the harvest that two lugs or boxes per hour was a reasonable and expected production standard consistent with the requirements of the Job Order and the conditions present during the harvest at least once in the presence of Sarbanand's CEO, Mr. Hawk, and Mr. Kewel Munger.  The allegations in paragraph 139 are otherwise denied.

140. Sarbanand Farms denies the allegations in paragraph 140.

141. Sarbanand Farms denies the allegations in paragraph 141.

142. Sarbanand Farms denies the allegations in paragraph 142.

143. Sarbanand Farms admits that, in 2017, the applicable Job Orders, which constituted the government-approved work contracts between Sarbanand and the H-2A workers who accepted employment thereunder, included terms consistent with applicable regulations requiring that workers depart the United States promptly upon termination or abandonment of their employment.  The allegations in paragraph 143 are otherwise denied.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 16
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

**Sarbanand Purportedly Provided Inadequate and Unhealthy Food**

144.    Sarbanand Farms admits that the applicable Job Orders, which constituted the government-approved work contracts between Sarbanand and the H-2A workers, included terms consistent with applicable regulations requiring that H-2A workers receive three meals per day and have paycheck deductions not in excess of $12.07 per day to pay for such meals. The allegations in paragraph 144 are otherwise denied.

145.    Sarbanand Farms admits that the applicable Job Orders, which constituted the government-approved work contracts between Sarbanand and the H-2A workers, included terms consistent with applicable regulations requiring that H-2A workers receive three meals per day and have paycheck deductions not in excess of $12.07 per day to pay for such meals and that such deductions were made.  The allegations in paragraph 145 are otherwise denied.

146.    Sarbanand Farms denies the allegations in paragraph 146.

147.    Sarbanand Farms denies the allegations in paragraph 147.

148.    Sarbanand Farms admits that they set up an orderly process to serve food to the workers assisting with the blueberry harvest, including that workers form lines.  The allegations in paragraph 148 are otherwise denied.

149.    Sarbanand Farms denies the allegations in paragraph 149.

150.    Sarbanand Farms denies the allegations in paragraph 150.

151.    Sarbanand Farms denies the allegations in paragraph 151.

152.    The allegations in paragraph 115 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.  To the extent the allegations in paragraph 115 concern Munger Bros. owners, officers, or employees who were also owners, officers, or employees of Sarbanand, they are denied.

153.    Sarbanand Farms admits that some workers complained about the menu and/or quantity of food at some point during the course of the harvest at Sarbanand in 2017.  The allegations in paragraph 153 are otherwise denied.

154.    Sarbanand Farms denies the allegations in paragraph 154.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

155.     Sarbanand Farms admits that its policies protecting the quality of the blueberries being picked during the harvest (which are not washed or altered before being ultimately delivered to the consumer) include that food not be eaten in the fields next to the blueberries. The allegations in paragraph 155 are otherwise denied.

156.     Sarbanand Farms admits that it asked workers to comply with the policy that food not be eaten in the fields.  The allegations in paragraph 156 are otherwise denied.

157.     Sarbanand Farms denies the allegations in paragraph 157.

**Worker Day Off in Violation of Contracts and Supervisor Instructions**

158.     Sarbanand Farms admits that there was some haze present in the air in Sumas during July and August 2017 due to forest fires in British Columbia, Canada and elsewhere, and that the fields were exposed to the sun.  The allegations in paragraph 158 are otherwise denied.

159.     Sarbanand Farms denies the allegations in paragraph 159.

160.     Sarbanand Farms denies the allegations in paragraph 160.

161.     Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 161.

162.     Sarbanand Farms denies that it maintained a "'death bed' no sick day policy" at any time.  Sarbanand Farms lacks information sufficient to answer the allegations regarding unreported symptoms and otherwise denies the allegations in paragraph 162.

163.     Sarbanand Farms admits that Mr. Ibarra had a medical condition that required treatment during the 2017 harvest at Sarbanand, which Sarbanand aided him in obtaining. Sarbanand Farms lacks information sufficient to answer the allegations regarding the degree to which Honesto Ibarra purportedly suffered and otherwise denies the allegations in paragraph 163.

164.     Sarbanand Farms admits the allegations in paragraph 164.

165.     Sarbanand Farms admits that a new group of H-2A workers arrived at the farm on or about Thursday, August 3, 2017, and met that evening with Javier Sampedro for

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 18
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

orientation.  Sarbanand Farms further admits that some other H-2A workers joined the conversation and asked about the medical status of Mr. Ibarra.  The allegations in paragraph 165 are otherwise denied.

166.    Sarbanand Farms admits that, at the meeting referenced in paragraph 165, Mr. Sampedro was not legally authorized to share personal medical information concerning Mr. Ibarra and that he provided no more information than he was authorized to provide.  The allegations in paragraph 166 are otherwise denied.

167.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 167.

168.    Sarbanand Farms admits that Mr. Sampedro was present at the meeting described in paragraphs 165 and 166 above.  The allegations in paragraph 168 are otherwise denied.

169.    Sarbanand Farms admits that approximately 60-70 H-2A workers failed to report for work on August 4, 2017.  Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 169.

170.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 170.

171.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 171.

172.    Sarbanand Farms denies the allegations in paragraph 172.

173.    Sarbanand Farms admits that the workers who had failed to report for work on August 4, 2017 appeared to be prepared to work on August 5, 2017.  The allegations in paragraph 173 are otherwise denied.

174.    Sarbanand Farms admits that the workers who had failed to report for work on August 4, 2017 were asked to go to the dining hall from the spot where workers gathered for work the next morning.  The allegations in paragraph 174 are otherwise denied.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

175.    Sarbanand Farms admits that the workers who had not failed to report for work on August 4, 2017 returned to the fields to continue the harvest on August 5, 2017.  The allegations in paragraph 175 are otherwise denied.

176.    Sarbanand Farms admits that Mr. Hawk, through Ms. Perez translating, informed the workers who had failed to report for work on August 4, 2017 that they were being terminated for insubordination and failing to report to work and that they should gather their belongings and depart Sarbanand within the hour.  The allegations in paragraph 176 are otherwise denied.

177.    Sarbanand Farms denies the allegations in paragraph 177.

178.    Sarbanand Farms admits that the meeting was filmed, at least in part, by a Sarbanand employee.  The allegations in paragraph 178 are otherwise denied.

179.    Sarbanand Farms admits that, in accordance with the Job Orders, which constituted the government-approved contracts with H-2A workers, and applicable regulations, Sarbanand was not required to pay for the return transportation home of the terminated workers and therefore did not offer to pay for such transportation on August 5, 2017 but did subsequently offer to pay for flights home for such workers notwithstanding the lack of any legal obligation to do so.  The allegations in paragraph 179 are otherwise denied.

180.    To the extent paragraph 180 contains legal conclusions, no answer is required, though Sarbanand Farms denies the same.  Sarbanand Farms admits that they encouraged the terminated workers to depart the housing promptly.  Sarbanand Farms denies the remaining allegations in paragraph 180.

181.    Sarbanand Farms admits that it contacted the Sumas Police Department regarding its decision to terminate certain H-2A workers and their impending departure from the farm.

182.    Sarbanand Farms admits that it contacted the Whatcom County Sherriff's Department regarding its decision to terminate certain H-2A workers and their impending departure from the farm.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 20
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

183.     Sarbanand Farms denies that the allegations in paragraph 183 accurately state the circumstances or the applicable law but admits that it did not advise employees as alleged. The allegations in paragraph 183 are otherwise denied.

184.     Sarbanand Farms denies that the allegations in paragraph 184 accurately state the circumstances or the applicable law but admits that it did not advise employees as alleged. The allegations in paragraph 184 are otherwise denied.

185.     Sarbanand Farms denies the allegations in paragraph 185.

186.     Sarbanand Farms denies the allegations in paragraph 186.

187.     Sarbanand Farms denies the allegations in paragraph 187.

188.     On information and belief, Sarbanand Farms admits that Mr. Ibarra passed away at Harborview Medical Center in Seattle, Washington on or about August 6, 2017.

189.     Sarbanand Farms denies that Ms. Macias was granted authority to speak to terminated workers on behalf of Sarbanand.  Sarbanand Farms otherwise lacks information sufficient to answer the allegations in paragraph 189.

**Factual Allegations of Plaintiff Rosas**

190.     Sarbanand Farms admits the allegations in paragraph 190.

191.     Sarbanand Farms denies that Ms. Perez recruited Plaintiff Rosas in Mexico to harvest blueberries for five months in California and Washington.  Sarbanand Farms otherwise lacks information sufficient to answer the allegations in paragraph 191.

192.     Sarbanand Farms denies that CSI or Ms. Perez were required to have Washington farm labor contractor's licenses and therefore denies that they could have "failed to exhibit" them.   The allegations in paragraph 192 are otherwise denied.

193.     Sarbanand Farms denies that CSI or Ms. Perez were required to have a bond and therefore denies that they could have "failed to disclose" its amount or the amount of any claims against it.   The allegations in paragraph 193 are otherwise denied.

194.     Sarbanand Farms denies that CSI or Ms. Perez were required to provide Plaintiff Rosas with a written statement of the working conditions in Washington on a form prescribed

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 21
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1   by the Washington State Department of Labor and Industries and therefore denies that they

2   could have "failed" to do so.  The allegations in paragraph 194 are otherwise denied.

3     195. The allegations in paragraph 195 pertain to CSI and do not require a responsive

4   pleading from Sarbanand Farms.

5     196. Sarbanand Farms lacks information sufficient to answer the allegations in

6   paragraph 196.

7     197. Sarbanand Farms lacks information sufficient to answer the allegations in

8   paragraph 197.

9     198. Sarbanand Farms lacks information sufficient to answer the allegations in

10  paragraph 198.

11    199. Sarbanand Farms denies that workers were required to pick two boxes of

12  blueberries an hour or face termination and therefore denies that CSI or Ms. Perez could have

13  failed to so inform Plaintiff Rosas.  The allegations in paragraph 199 are otherwise denied.

14    200. Sarbanand Farms denies that CSI or Ms. Perez were required to inform Plaintiff

15  Rosas that he would have to pay for food he chose to purchase in addition to the meals

16  provided by Sarbanand and therefore denies that they "failed" to do so.  The allegations in

17  paragraph 200 are otherwise denied.

18    201. Sarbanand Farms lacks information sufficient to answer the allegations in

19  paragraph 201.

20    202. Sarbanand Farms lacks information sufficient to answer the allegations in

21  paragraph 202.

22    203. The allegations in paragraph 203 pertain to Munger Bros. and do not require a

23  responsive pleading from Sarbanand Farms.

24    204. Sarbanand Farms denies the allegations in paragraph 204.

25    205. Sarbanand Farms denies the allegations in paragraph 205 pertaining to it.  The

26  allegations in paragraph 205 pertaining to Munger Bros. do not require a responsive pleading

27  from Sarbanand Farms.

206.    Sarbanand Farms denies the allegations in paragraph 206 pertaining to it.  The allegations in paragraph 206 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

207.    Sarbanand Farms admits that Sarbanand informed all employees assisting with the harvest, including Plaintiff Rosas, that two lugs or boxes per hour was a reasonable and expected production standard consistent with the requirements of the Job Order and the conditions present during the harvest.   The allegations in paragraph 207 are otherwise denied.

208.    On information and belief, Sarbanand Farms denies the allegations in paragraph 208.

209.    On information and belief, Sarbanand Farms denies the allegations in paragraph 209.

210.    On information and belief, Sarbanand Farms denies the allegations in paragraph 210.

211.    Sarbanand Farms admits that Plaintiff Rosas failed to report for work on or about August 4, 2017.  Sarbanand Farms denies that the reason given for failing to report to work by any of the workers who missed work related to improving working conditions. Sarbanand otherwise denies the allegations in paragraph 211.

212.    Sarbanand Farms admits that it terminated Plaintiff Rosas on or about August 5, 2017 and asked him to gather his belongings and depart housing provided pursuant to his government-approved contract with Sarbanand, consistent with the contract and applicable regulations.  The allegations in paragraph 212 are otherwise denied.

213.    Sarbanand Farms admits that it asked terminated workers, including Plaintiff Rosas, to promptly depart the housing that had been provided to them following their termination.  The allegations in paragraph 213 are otherwise denied.

214.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 214.

215.    Sarbanand Farms denies the allegations in paragraph 215.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 23
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

216.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 216.

**Factual Allegations of Plaintiff Tapia**

217.    Sarbanand Farms admits the allegations in paragraph 217.

218.    Sarbanand Farms denies that Ms. Perez recruited Plaintiff Tapia in Mexico to harvest blueberries for five months in California and Washington.  Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 218.

219.    Sarbanand Farms denies that CSI or Ms. Perez were required to have Washington farm labor contractor's licenses and therefore denies that they could have "failed to exhibit them.  The allegations in paragraph 219 are otherwise denied.

220.    Sarbanand Farms denies that CSI or Ms. Perez were required to have a bond and therefore denies that they could have "failed to disclose" its amount or the amount of any claims against it.  The allegations in paragraph 220 are otherwise denied.

221.    Sarbanand Farms denies that CSI or Ms. Perez were required to provide Plaintiff Rosas with a written statement of the working conditions in Washington on a form prescribed by the Washington State Department of Labor and Industries and therefore denies that they could have "failed" to do so.  The allegations in paragraph 221 are otherwise denied.

222.    The allegations in paragraph 222 pertain to CSI and do not require a responsive pleading from Sarbanand Farms.

223.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 223.

224.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 224.

225.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 225.

226.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 226.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 24
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

227.    Sarbanand Farms denies that workers were required to pick two boxes of blueberries an hour or face termination and therefore denies that CSI or Ms. Perez could have failed to so inform Plaintiff Tapia.  The allegations in paragraph 227 are otherwise denied.

228.    Sarbanand Farms denies that CSI or Ms. Perez were required to inform Plaintiff Tapia that he would have to pay for food he chose to purchase in addition to the meals provided by Sarbanand and therefore denies that they "failed" to do so.  The allegations in paragraph 228 are otherwise denied.

229.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 229.

230.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 230.

231.    Sarbanand Farms denies the allegations in paragraph 231.

232.    Sarbanand Farms denies the allegations in paragraph 232 pertaining to it.  The allegations in paragraph 232 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

233.    Sarbanand Farms denies the allegations in paragraph 233 pertaining to it.  The allegations in paragraph 233 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

234.    Sarbanand Farms admits that Sarbanand Farms employees informed all employees assisting with the harvest, including Plaintiff Tapia, that two lugs or boxes per hour was a reasonable and expected production standard consistent with the requirements of the Job Order and the conditions present during the harvest.  The allegations in paragraph 234 are otherwise denied.

235.    On information and belief, Sarbanand Farms denies the allegations in paragraph 235.

236.    On information and belief, Sarbanand Farms denies the allegations in paragraph 236.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

237.    On information and belief, Sarbanand Farms denies the allegations in paragraph 237.

238.    Sarbanand Farms admits that Plaintiff Tapia failed to report for work on or about August 4, 2017.  Sarbanand Farms denies that the reason given for failing to report to work by any of the workers who missed work related to improving working conditions.  Sarbanand otherwise denies the allegations in paragraph 238.

239.    Sarbanand Farms admits that it terminated Plaintiff Tapia on or about August 5, 2017 and asked him to gather his belongings and depart housing provided pursuant to his government-approved contract with Sarbanand, consistent with the contract and applicable regulations.  The allegations in paragraph 239 are otherwise denied.

240.    Sarbanand Farms admits that they asked terminated workers, including Plaintiff Tapia, to promptly depart the housing that had been provided to them following their termination.  The allegations in paragraph 240 are otherwise denied.

241.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 241.

242.    Sarbanand Farms denies the allegations in paragraph 242.

243.    Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 243.

244.    Sarbanand Farms denies the allegations in paragraph 244.

245.    Sarbanand Farms denies the allegations in paragraph 245 pertaining to it.  The allegations in paragraph 245 pertaining to Munger Bros. do not require a responsive pleading from Sarbanand Farms.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 26
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## CLASS ACTION ALLEGATIONS

2

A.      PLAINTIFF CLASS – ALL SARBANAND FOREIGN H-2A WORKERS

3            246.    The allegations in paragraph 246 regarding the class Plaintiffs purport to

4    represent do not require a responsive pleading, but Sarbanand Farms denies that such a class

5    should be certified for the claims alleged.  The allegations in paragraph 246 are otherwise

6    denied.

7            247.    The allegations in paragraph 247 regarding the size of the class Plaintiffs purport

8    to represent do not require a responsive pleading, but Sarbanand Farms denies that such a class

9    should be certified for the claims alleged.  The allegations in paragraph 247 are otherwise

10   denied.

11           248.    Sarbanand Farms lacks information sufficient to answer the allegations in

12   paragraph 248.

13           249.    The allegations in paragraph 249 are legal conclusions, to which no answer is

14   required.  The allegations in paragraph 249 are otherwise denied.

15           250.    The allegations in paragraph 250 (including each of its sub-parts) are legal

16   conclusions, to which no answer is required.  The allegations in paragraph 250 are otherwise

17   denied.

18           251.    The allegations in paragraph 251 (including each of its sub-parts) are legal

19   conclusions, to which no answer is required.  The allegations in paragraph 251 are otherwise

20   denied.

21           252.    The allegations in paragraph 252 are legal conclusions, to which no answer is

22   required.  The allegations in paragraph 252 are otherwise denied.

23   B.      PLAINTIFF SUBCLASS – TERMINATED AND EVICTED H-2A WORKERS

24           253.    The allegations in paragraph 253 regarding the class Plaintiffs purport to

25   represent do not require a responsive pleading, but Sarbanand Farms denies that such a class

26   should be certified for the claims alleged.  The allegations in paragraph 253 are otherwise

27   denied.

254.     The allegations in paragraph 254 regarding the size of the class Plaintiffs purport to represent do not require a responsive pleading, but Sarbanand Farms denies that such a class should be certified for the claims alleged.  The allegations in paragraph 254 are otherwise denied.

255.     Sarbanand Farms lacks information sufficient to answer the allegations in paragraph 255.

256.     The allegations in paragraph 256 are legal conclusions, to which no answer is required.  The allegations in paragraph 256 are otherwise denied.

257.     The allegations in paragraph 257 (including each of its sub-parts) are legal conclusions, to which no answer is required.  The allegations in paragraph 257 are otherwise denied.

258.     The allegations in paragraph 258 (including each of its sub-parts) are legal conclusions, to which no answer is required.  The allegations in paragraph 258 are otherwise denied.

259.     The allegations in paragraph 259 are legal conclusions, to which no answer is required.  The allegations in paragraph 259 are otherwise denied.

## **CAUSES OF ACTION**

A.     PLAINTIFF CLASS – ALL SARBANAND FOREIGN H-2A FIELD WORKERS

**TVPA – 18 U.S.C. § 1589(a)(4)**

260.     Sarbanand Farms denies the allegations in paragraph 260.

**TVPA – 18 U.S.C. § 1589(a)(3)**

261.     Sarbanand Farms denies the allegations in paragraph 261.

**WASHINGTON FARM LABOR CONTRACT ACT – RCW 19.30**

262.     Sarbanand Farms denies the allegations in paragraph 262.

263.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Sarbanand Farms denies the allegations in paragraph 263.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 28
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

264.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Sarbanand Farms denies the allegations in paragraph 264.

265.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Sarbanand Farms denies the allegations in paragraph 265.

266.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Sarbanand Farms denies the allegations in paragraph 266.

267.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Sarbanand Farms denies the allegations in paragraph 267.

**WASHINGTON LAW AGAINST DISCRIMINATION – RCW 49.60.180(3)**

268.     Sarbanand Farms denies the allegations in paragraph 268.

**WASHINGTON CONTRACT LAW**

269.     Sarbanand Farms denies the allegations in paragraph 269.

270.     Sarbanand Farms denies the allegations in paragraph 270.

271.     Sarbanand Farms denies the allegations in paragraph 271.

272.     Sarbanand Farms denies the allegations in paragraph 272.

B.     PLAINTIFF SUBCLASS – TERMINATED AND EVICTED H-2A WORKERS

**WASHINGTON'S LITTLE NORRIS-LAGUARDIA ACT – RCW 49.32.020**

273.     To the extent paragraph 273 contains legal conclusions, no answer is required, though Sarbanand Farms denies the same.  The allegations in paragraph 273 are otherwise denied.

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

274.     Sarbanand Farms denies the allegations in paragraph 274.

**WRONGFUL EVICTION**

275.     Sarbanand Farms denies the allegations in paragraph 275.

**PRAYER FOR RELIEF**

The Prayer for Relief does not require a responsive pleading, but Sarbanand Farms denies that Plaintiffs are entitled to the relief requested.

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 29
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## DEFENSES

Sarbanand Farms asserts the following defenses with respect to Plaintiffs' claims:

1.      Plaintiffs and the putative class have failed to state a claim upon which relief can be granted.

2.      Plaintiffs and the putative class have failed to adequately state a claim for injunctive or equitable relief.

3.      One or more of Plaintiffs' or the putative class members' claims are barred by estoppel, ratification, waiver, and/or unclean hands.

4.      Plaintiffs and the putative class suffered no actual damages as a result of any of the actions alleged.

5.      Any damages allegedly sustained by Plaintiffs or the putative class were the result of their own actions and/or the actions of third parties not subject to the control of Sarbanand Farms.

6.      Plaintiffs and the putative class members have failed, refused and/or neglected to mitigate the damages alleged to have been incurred.

7.      One or more of Plaintiffs' or the putative class members' claims are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

8.      One or more of Plaintiffs' or the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members consented to the conduct about which they now complain.

9.      One or more of Plaintiffs' or the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members voluntarily engaged in the work for pay on behalf of Sarbanand Farms and did so without threat, compulsion, force, fraud or coercion.

10.     One or more of Plaintiffs' or the putative class members' claims are barred, in whole or in part, because all complained-of acts were undertaken pursuant to express statutory or regulatory authority granted by applicable government agencies.

11.      Sarbanand Farms has not been unjustly enriched.  Plaintiffs and the putative class are therefore not entitled to disgorgement or restitution.

12.      Plaintiffs and the putative class were treated fairly and in good faith, and all actions taken with regard to them were taken for lawful business reasons.

13.      With regard to the breach of contract claim, Plaintiffs and/or putative class members materially breached the contract prior to any purported breach by Sarbanand Farms, excusing further performance.

14.      This suit may not properly be maintained as a class action because, among other reasons, individual issues predominate over issues common to any of the putative class members; a class action is neither preferable to other means nor manageable; putative class members cannot be readily ascertained; and the named plaintiffs are not adequate representatives for the alleged putative class.

15.      The adjudication of the claims of the putative class (or of a certified class if a class is certified over Sarbanand Farms' objections) through generalized classwide proof would violate Sarbanand Farms' right to due process of law.

Sarbanand Farms does not presently know all facts concerning the conduct of Plaintiffs and the putative class members sufficient to state all affirmative defenses at this time. Sarbanand Farms will seek leave of this Court to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    DATED:  April 6, 2018.

2                                    **SAVITT BRUCE & WILLEY LLP**

3

4                                    By    *s/David N. Bruce*

5                                          David N. Bruce, WSBA #15237
                                           Miles A. Yanick, WSBA #26603
6                                          C. N. Coby Cohen, WSBA #30034
                                           1425 Fourth Avenue Suite 800
7                                          Seattle, Washington  98101-2272
                                           Telephone: 206.749.0500
8                                          Facsimile:  206.749.0600
                                           Email:  dbruce@sbwLLP.com
9                                          Email:  myanick@sbwLLP.com
                                           Email:  ccohen@sbwLLP.com
10

11                                   Attorneys for  Defendant Sarbanand Farms, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SARBANAND FARMS ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 32
No. 2:18-cv-00112-JCC

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that on April 6, 2018 I electronically filed the

3

foregoing document with the Clerk of Court using the CM/ECF system which will send

4

notification of such filing to all counsel of record.

5

I declare under penalty of perjury under the laws of the United States of America that

6

the foregoing is true and correct.

7

Dated this 6th day of April, 2018 at Seattle, Washington.

8

*Gabriella Sanders*

9

Gabriella Sanders

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500