The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC., NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>    Defendants. | NO.   2:18-cv-00112-JCC<br><br>**MUNGER BROS., LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

## ANSWER

Munger Bros., LLC ("Munger Bros.") answers the allegations in the First Amended Complaint for Damages and Injunctive Relief (the "FAC") as follows:

## PRELIMINARY STATEMENT

1.      Munger Bros. admits that this is putative employment-law class action making various allegations but denies the allegations themselves and otherwise denies the allegations in Paragraph 1.

2.      Munger Bros. denies the allegations in Paragraph 2.

3.      Munger Bros. admits that Plaintiffs make various allegations under the FLCA but denies the allegations themselves and otherwise denies the allegations in Paragraph 3.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 1
No. 2:18-cv-00112-JCC

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## JURISDICTION AND VENUE

2    4.    Munger Bros. admits that this Court has subject matter jurisdiction under 28

3    U.S.C. § 1331 over the Plaintiffs' claims as pleaded under 18 U.S.C. § 1595(a), but denies that

4    this Court will ultimately have jurisdiction over Munger Bros. in connection with the claims.

5    Munger Bros. further denies that the Court has subject matter jurisdiction under 28 U.S.C.

6    § 1331 over the Plaintiffs' remaining claims brought under the laws of Washington State.  The

7    allegations in paragraph 4 are otherwise denied.

8    5.    Munger Bros. admits that this Court has subject matter jurisdiction over the

9    Plaintiffs' claims brought under 18 U.S.C. § 1595(a), but denies that this Court will ultimately

10   have jurisdiction over Munger Bros. in connection with the claims, and further denies that 18

11   U.S.C. § 1595(a) grants original subject matter jurisdiction to this Court over the Plaintiffs'

12   remaining claims brought under the laws of Washington State.  The allegations in paragraph 5

13   are otherwise denied.

14   6.    Munger Bros. denies that this Court has supplemental jurisdiction under 28

15   U.S.C. § 1367 over the Plaintiffs' claims brought under the laws of Washington State, as the

16   claims under 18 U.S.C. § 1595(a), the only federal claims asserted, are not sufficiently

17   substantial to confer federal jurisdiction over the remaining claims.  Munger Bros. also denies

18   that this Court will ultimately have jurisdiction over Munger Bros. in connection with the

19   claims.  The allegations in paragraph 6 are otherwise denied.

20   7.    Munger Bros. denies that venue is proper in the Western District of Washington

21   as to any claims against it.

22   ## PARTIES

23   8.    Munger Bros. admits that Plaintiff Rosas was employed by Munger Bros. in

24   2017.  Munger Bros. denies that it fired Plaintiff Rosas.  Munger Bros. otherwise lacks

25   knowledge or information sufficient to answer the allegations in paragraph 8.

26

27

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 2
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

9.      Munger Bros. admits that Plaintiff Tapia was employed by Munger Bros. in 2017.  Munger Bros. denies that it fired Plaintiff Tapia.  Munger Bros. otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 9.

10.      On information and belief, Munger Bros. admits that Sarbanand Farms is a Washington Limited Liability Company with its principal place of business in Sumas, Washington, which is located in Whatcom County.  The allegations in paragraph 10 are otherwise denied.

11.      Munger Bros. admits that Munger Bros., LLC is a California Limited Liability Company with its principal place of business in Delano, California.  The allegations in paragraph 11 are otherwise denied.

12.      Munger Bros. admits that Ms. Perez is, on information and belief, a resident of California and admits that Ms. Perez acted as an employee-agent of Munger Bros. for purposes of any allegations against her concerning employees hired to work on behalf of Munger Bros. through the H-2A visa program regulated by the Department of Labor during the 2017 blueberry harvest in Stockton, California.  On information and belief, Munger Bros. admits that Ms. Perez also acted as an employee-agent of Sarbanand Farms, LLC ("Sarbanand" or "Sarbanand Farms") for purposes of any allegations against her concerning employees hired to work on behalf of Sarbanand Farms through the H-2A visa program regulated by the Department of Labor during the 2017 blueberry harvest in Sumas, Washington.  The allegations in paragraph 12 are otherwise denied.

13.      On information and belief, Munger Bros. admits that Defendant CSI Visa Processing S.C. was a company established in, and with its principal place of business in, the state of Durango, Mexico.  Munger Bros. otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 13.

## STATEMENT OF FACTS

14.      Munger Bros. admits that workers, including Plaintiffs, were hired to work on behalf of Munger Bros. through the H-2A visa program regulated by the Department of Labor

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 3
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

during the 2017 blueberry harvest.  Munger Bros. lacks knowledge or information sufficient to answer the allegations as to the nationalities of Plaintiffs.  The allegations in paragraph 14 are otherwise denied.

15.     Munger Bros. admits the allegations in paragraph 15.

16.     Munger Bros. denies the allegations in paragraph 16.

17.     Munger Bros. admits that Sarbanand Farms has officers in common with Munger Bros.  Munger Bros. further admits that Sarbanand Farms pays an allocation of Munger Bros. overhead for certain administrative and management resources provided to Sarbanand by Munger Bros.  The allegations in paragraph 17 are otherwise denied.

18.     Munger Bros. admits the allegations in paragraph 18.

19.     Munger Bros. admits the allegations in paragraph 19.

20.     Munger Bros. admits that it is known as a major producer of fresh blueberries and otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 20.

21.     Munger Bros. admits that it owns approximately 2,000 acres of blueberry farmland in the State of California and otherwise denies the allegations in paragraph 21.

22.     On information and belief, Munger Bros. denies the allegations in paragraph 22.

23.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 23.

24.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 24.

25.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 25.

26.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 26.

27.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 27.

28.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 28.

29.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 29.

30.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 30.

31.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 31.

32.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 32.

33.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 33.

34.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 34.

35.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 35.

36.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 36.

37.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 37.

38.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 38.

39.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 39.

40.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 40.

1    41.  Munger Bros. lacks knowledge or information sufficient to answer the

2 allegations in paragraph 41.

3    42.  Munger Bros. lacks knowledge or information sufficient to answer the

4 allegations in paragraph 42.

5    43.  Munger Bros. lacks knowledge or information sufficient to answer the

6 allegations in paragraph 43.

7    44.  Munger Bros. lacks knowledge or information sufficient to answer the

8 allegations in paragraph 44.

9    45.  Munger Bros. lacks knowledge or information sufficient to answer the

10 allegations in paragraph 45.

11    46.  Munger Bros. lacks knowledge or information sufficient to answer the

12 allegations in paragraph 46.

13    47.  Munger Bros. lacks knowledge or information sufficient to answer the

14 allegations in paragraph 47.

15    48.  Munger Bros. lacks knowledge or information sufficient to answer the

16 allegations in paragraph 48.

17    49.  Munger Bros. lacks knowledge or information sufficient to answer the

18 allegations in paragraph 49.

19    50.  Munger Bros. lacks knowledge or information sufficient to answer the

20 allegations in paragraph 50.

21    51.  Munger Bros. lacks knowledge or information sufficient to answer the

22 allegations in paragraph 51.

23    52.  Munger Bros. lacks knowledge or information sufficient to answer the

24 allegations in paragraph 52.

25    53.  Munger Bros. lacks knowledge or information sufficient to answer the

26 allegations in paragraph 53.

27

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

54.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 54.

55.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 55.

56.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 56.

57.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 57.

58.     Munger Bros. denies that Munger Bros. "import[ed] foreign labor" in 2006. Munger Bros. admits that foreign workers were hired to work on behalf of Munger Bros. through the H-2A visa program regulated by the Department of Labor during the 2006 blueberry harvest in California.  Munger Bros. denies the allegations in paragraph 58.

59.     Munger Bros. admits that foreign workers were hired to work on behalf of Munger Bros. through the H-2A visa program regulated by the Department of Labor during the 2017 blueberry harvest in Stockton, California.  The allegations in paragraph 59 are otherwise denied.

60.     Munger Bros. denies the allegations in paragraph 60 pertaining to it.  The allegations in paragraph 60 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

61.     The allegations in paragraph 61 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

62.     Munger Bros. admits that it knew that regulations concerning the H-2A visa program included various requirements and limitations on employers and employees seeking to benefit from it but denies the allegations in this paragraph that purport to characterize those regulations.  Munger Bros. otherwise denies the allegations in paragraph 62 pertaining to it. The allegations in paragraph 62 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 7
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

63.     Munger Bros. admits that it knew that regulations concerning the H-2A visa program included various requirements and limitations on employers and employees seeking to benefit from it but denies the allegations in this paragraph that purport to characterize those regulations.  Munger Bros. otherwise denies the allegations in paragraph 63 pertaining to it. The allegations in paragraph 63 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

64.     Munger Bros. denies the allegations in paragraph 64 pertaining to it.  The allegations in paragraph 64 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

65.     Munger Bros. denies the allegations in paragraph 65 pertaining to it.  The allegations in paragraph 65 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

66.     Munger Bros. denies the allegations in paragraph 66 pertaining to it.  The allegations in paragraph 66 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

**Sarbanand's Use of H-2A Workers in 2015 and 2016**

67.     Munger Bros. denies the allegations in paragraph 67 pertaining to it.  The allegations in paragraph 67 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

68.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 68.

69.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 69.

70.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 70.

71.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 71.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 8
No. 2:18-cv-00112-JCC

1    72.    Munger Bros. lacks knowledge or information sufficient to answer the

2    allegations in paragraph 72.

3    73.    Munger Bros. admits that it did not use the H-2A program in 2015 or 2016 and

4    that the named plaintiffs and other putative class members did not work for Munger Bros. in

5    2015 or 2016 in California.  Munger Bros. also admits that it harvests blueberries on its farms

6    in California in approximately May and June each year.  The allegations in paragraph 73 are

7    otherwise denied.

8    **Munger's 2017 California H-2A Applications**

9    74.    Munger Bros. denies that it maintained a contractual relationship with WAFLA.

10   Munger Bros. admits that it filed paperwork with the Department of Labor to employ foreign

11   workers to work on behalf of Munger Bros. through the H-2A visa program regulated by the

12   Department of Labor during the 2017 blueberry harvest in Stockton, California.  The

13   allegations in paragraph 74 pertaining to Sarbanand Farms do not require a responsive pleading

14   from Munger Bros.  The allegations in paragraph 74 are otherwise denied.

15   75.    Munger Bros. admits that it elected to employ workers to work on behalf of

16   Munger Bros. through the H-2A visa program regulated by the Department of Labor during the

17   2017 blueberry harvest in Stockton, California.  The allegations in paragraph 75 pertaining to

18   Sarbanand Farms do not require a responsive pleading from Munger Bros.  The allegations in

19   paragraph 75 are otherwise denied.

20   76.    Munger Bros. admits that it filed an Agricultural and Food Processing Clearance

21   Order ETA Form 790 and associated documentation with the Department of Labor

22   Employment and Training Administration in 2017 seeking clearance to hire 387 workers to

23   assist with harvesting blueberries and associated tasks.  The allegations in paragraph 76 are

24   otherwise denied.

25   77.    Munger Bros. admits that Mr. Woolley signed the DOL documentation

26   referenced in paragraph 76 on behalf of Munger Bros.  The allegations in paragraph 77 are

27   otherwise denied.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 9
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

78.     Munger Bros. admits that, in connection with the H-2A visa program, applicable regulations impose various requirements on program participants such as Munger Bros., including that it sign an "Intrastate and Interstate Clearance Order" that includes various assurances as set forth in the order.  The allegations in paragraph 78 are otherwise denied.

79.     Munger Bros. admits that in 2017 it paid a fee to CSI to communicate with potential H-2A workers in Mexico concerning obtaining a visa to take advantage of the opportunity to harvest blueberries in Stockton, California.  The allegations in paragraph 79 are otherwise denied.

80.     On information and belief, Munger Bros. admits that Crowne Cold Storage, LLC, a California Limited Liability Company that processes blueberries for Munger Bros., contracted with CSI to communicate with potential H-2A workers in Mexico concerning obtaining a visa to take advantage of the opportunity to harvest and package blueberries in Stockton, California.  The allegations in paragraph 80 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.  The allegations in paragraph 80 are otherwise denied.

81.     On information and belief, Munger Bros. admits that Ms. Perez signed the contract between Crowne Cold Storage and CSI.

82.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 82.

83.     Munger Bros. denies that CSI was required to have a valid Washington State farm labor contractor license and therefore denies that it had any obligation to inquire, or "failed to inquire," about such license.  The allegations in paragraph 83 are otherwise denied.

84.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 84.

85.     The allegations in paragraph 85 are nonsensical, and Munger Bros. therefore denies them.

86.     On information and belief, Munger Bros. admits the allegations in paragraph 86.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 10
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

87.     Munger Bros. admits that Ms. Perez, as an employee-agent on behalf of Munger Bros., communicated with putative class members who she was aware had prior blueberry picking experience about working for Munger Bros. in the blueberry harvest in 2017.  The allegations in paragraph 87 are otherwise denied.

88.     Munger Bros. admits that Ms. Perez, as an employee-agent on behalf of Munger Bros., guided some potential workers to CSI to receive information concerning obtaining a visa to take advantage of the blueberry-harvest opportunity through the H-2A program.  The allegations in paragraph 88 are otherwise denied.

89.     Munger Bros. admits that Ms. Perez, as an employee-agent on behalf of Munger Bros., communicated a list of workers to CSI who had prior blueberry harvest experience for potential visa applications for work at Munger Bros. in 2017.  The allegations in paragraph 89 are otherwise denied.

90.     Munger Bros. admits that the list of workers referenced in paragraph 89 included those who had previously worked harvesting blueberries at Sarbanand Farms in Washington State in 2016 and/or 2015, a harvest lasting from approximately July to October. The allegations in paragraph 90 are otherwise denied.

91.     The allegations in paragraph 91 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

92.     Munger Bros. denies that Ms. Perez was required to register with the Washington State Department of Labor and Industries as a farm labor contractor and therefore denies that she could have failed to do so.

93.     Munger Bros. denies that Ms. Perez was required to obtain a bond to operate as a farm labor contractor and therefore denies that she could have failed to do so.

94.     Munger Bros. denies that, as an employee-agent working for Sarbanand, Ms. Perez was required to have a valid Washington State farm labor contractor license and therefore denies that it had any obligation to inquire, or "failed to inquire," about such license. The allegations in paragraph 94 are otherwise denied.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 11
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

95.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 95 concerning "that list" and any actions undertaken by CSI with respect to it.  The allegations in paragraph 95 are otherwise denied.

96.     Munger Bros. admits that it utilized approximately 387 workers with H-2A visas to assist it with the harvest of its blueberries beginning in May 2017.  The allegations in paragraph 96 are otherwise denied.

97.     Munger Bros. admits that it provided employment, food, shelter, and transportation to H-2A workers as required by law.  The allegations in paragraph 97 are otherwise denied.

98.     On information and belief, Munger Bros. denies the allegations in paragraph 98.

99.     Munger Bros. denies the allegations in paragraph 99.

100.    Munger Bros. denies the allegations in paragraph 100.

101.    Munger Bros. denies the allegations in paragraph 101.

102.    Munger Bros. denies the allegations in paragraph 102.

103.    Munger Bros. admits that in 2017 the applicable Job Orders, which constituted the government-approved work contracts between Munger Bros. and the H-2A workers, included terms consistent with applicable regulations that required that workers depart the United States upon termination or abandonment of their employment with Munger Bros. and required them to pay for their transportation under certain circumstances.  The allegations in paragraph 103 are otherwise denied.

104.    Munger Bros. admits that in 2017 Munger Bros. deducted slightly in excess of $12 per day from each H-2A worker's paycheck for meals it provided, consistent with applicable regulations and the terms of the applicable Job Order, which constituted the government-approved work contract between Munger Bros. and the H-2A workers.  The allegations in paragraph 104 are otherwise denied.

105.    Munger Bros. denies the allegations in paragraph 105.

106.    Munger Bros. denies the allegations in paragraph 106.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 12
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

107.     Munger Bros. denies the allegations in paragraph 107.

108.     Munger Bros. admits that some workers complained about the menu and/or quantity of food at some point during the course of the harvest in 2017. The allegations in paragraph 108 are otherwise denied.

109.     Munger Bros. admits that some workers became ill at some point during the course of the harvest in 2017. The allegations in paragraph 109 are otherwise denied.

110.     Munger Bros. denies the allegations in paragraph 110.

111.     Munger Bros. denies the allegations in paragraph 111.

112.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 112.

113.     On information and belief, Munger Bros. admits that H-2A visas issued to workers who worked for Munger Bros. in Stockton, California were valid through at least some point in July. The allegations in paragraph 113 are otherwise denied.

114.     Munger Bros. admits that some workers with H-2A visas expiring in or about July 2017 expressed concern to Munger Bros. employees about the term of their visas. The allegations in paragraph 114 are otherwise denied.

115.     Munger Bros. admits that its employees informed H-2A workers in 2017 that they were validly in the United States and approved to work at Munger Bros., including those workers whose visas had only been issued through approximately July 2017, and that the Job Order, which constituted the government-approved work contract between each H-2A worker and Munger Bros., indicated as much. The allegations in paragraph 115 are otherwise denied.

**Sarbanand's 2017 Washington State H-2A Applications**

116.     Munger Bros. denies the allegations in paragraph 116.

117.     The allegations in paragraph 117 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

118.     The allegations in paragraph 118 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 13
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

119.     The allegations in paragraph 119 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

120.     The allegations in paragraph 120 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

121.     The allegations in paragraph 121 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

122.     The allegations in paragraph 122 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

123.     Munger Bros. denies the allegations in paragraph 123.

124.     Munger Bros. admits that Sumas, Washington sits next to the border between the United States and Canada and includes a border-crossing point providing access to Canada from the United States.  Munger Bros. lacks information sufficient to answer the remaining allegations in paragraph 124.

125.     The allegations in paragraph 125 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

126.     The allegations in paragraph 126 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

127.     The allegations in paragraph 127 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

128.     The allegations in paragraph 128 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

129.     The allegations in paragraph 129 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

130.     The allegations in paragraph 130 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 14
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

**Sarbanand's Purported "Death Bed" No Sick Days Policy**

2

     131.    The allegations in paragraph 131 pertain to Sarbanand Farms and do not require

3

a responsive pleading from Munger Bros.

4

     132.    The allegations in paragraph 132 pertain to Sarbanand Farms and do not require

5

a responsive pleading from Munger Bros.

6

     133.    The allegations in paragraph 133 pertain to Sarbanand Farms and do not require

7

a responsive pleading from Munger Bros.

8

     134.    The allegations in paragraph 134 pertain to Sarbanand Farms and do not require

9

a responsive pleading from Munger Bros.

10

     135.    The allegations in paragraph 135 pertain to Sarbanand Farms and do not require

11

a responsive pleading from Munger Bros.

12

**Sarbanand's Purported Use of Illegal and Unauthorized Production Standards**

13

     136.    The allegations in paragraph 136 pertain to Sarbanand Farms and do not require

14

a responsive pleading from Munger Bros.

15

     137.    The allegations in paragraph 137 pertain to Sarbanand Farms and do not require

16

a responsive pleading from Munger Bros.

17

     138.    The allegations in paragraph 138 pertain to Sarbanand Farms and do not require

18

a responsive pleading from Munger Bros.

19

     139.    The allegations in paragraph 139 pertain to Sarbanand Farms and do not require

20

a responsive pleading from Munger Bros.

21

     140.    The allegations in paragraph 140 pertain to Sarbanand Farms and do not require

22

a responsive pleading from Munger Bros.

23

     141.    The allegations in paragraph 141 pertain to Sarbanand Farms and do not require

24

a responsive pleading from Munger Bros.

25

     142.    The allegations in paragraph 142 pertain to Sarbanand Farms and do not require

26

a responsive pleading from Munger Bros.

27

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

143.    The allegations in paragraph 143 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

**Sarbanand Purportedly Provided Inadequate and Unhealthy Food**

144.    The allegations in paragraph 144 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

145.    The allegations in paragraph 145 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

146.    The allegations in paragraph 146 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

147.    The allegations in paragraph 147 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

148.    The allegations in paragraph 148 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

149.    The allegations in paragraph 149 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

150.    The allegations in paragraph 150 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

151.    The allegations in paragraph 151 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

152.    The allegations in paragraph 152 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

153.    The allegations in paragraph 153 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

154.    The allegations in paragraph 154 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

155.    The allegations in paragraph 155 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 16
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

156.    The allegations in paragraph 156 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

157.    The allegations in paragraph 157 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

**Worker Day Off in Violation of Contracts and Supervisor Instructions**

158.    The allegations in paragraph 158 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

159.    The allegations in paragraph 159 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

160.    The allegations in paragraph 160 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

161.    The allegations in paragraph 161 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

162.    The allegations in paragraph 162 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

163.    The allegations in paragraph 163 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

164.    The allegations in paragraph 164 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

165.    The allegations in paragraph 165 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

166.    The allegations in paragraph 166 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

167.    The allegations in paragraph 167 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

168.    The allegations in paragraph 168 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

169.     The allegations in paragraph 169 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

170.     The allegations in paragraph 170 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

171.     The allegations in paragraph 171 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

172.     The allegations in paragraph 172 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

173.     The allegations in paragraph 173 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

174.     The allegations in paragraph 174 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

175.     The allegations in paragraph 175 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

176.     The allegations in paragraph 176 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

177.     The allegations in paragraph 177 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

178.     The allegations in paragraph 178 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

179.     The allegations in paragraph 179 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

180.     The allegations in paragraph 180 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

181.     The allegations in paragraph 181 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

182.    The allegations in paragraph 182 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

183.    The allegations in paragraph 183 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

184.    The allegations in paragraph 184 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

185.    The allegations in paragraph 185 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

186.    The allegations in paragraph 186 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

187.    The allegations in paragraph 187 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

188.    Munger Bros. admits that Honesto Ibarrra passed away at Harborview Medical Center in Seattle, Washington on or about August 6, 2017.

189.    Munger Bros. denies that Ms. Macias was granted authority to speak to terminated workers of Sarbanand Farms on behalf of Munger Bros.  Munger Bros. otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 189.

**Factual Allegations of Plaintiff Rosas**

190.    The allegations in paragraph 190 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

191.    Munger Bros. denies that Ms. Perez recruited Plaintiff Rosas in Mexico to harvest blueberries for five months in California and Washington.  Munger Bros. otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 191.

192.    Munger Bros. denies that CSI or Ms. Perez were required to have Washington farm labor contractor's licenses and therefore denies that they could have "failed to exhibit" them.   The allegations in paragraph 192 are otherwise denied.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 19
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

193.     Munger Bros. denies that CSI or Ms. Perez were required to have a bond and therefore denies that they could have "failed to disclose" its amount or the amount of any claims against it.   The allegations in paragraph 193 are otherwise denied.

194.     Munger Bros. denies that CSI or Ms. Perez were required to provide Plaintiff Rosas with a written statement of the working conditions in Washington on a form prescribed by the Washington State Department of Labor and Industries and therefore denies that they could have "failed" to do so.  The allegations in paragraph 194 are otherwise denied.

195.     The allegations in paragraph 195 pertain to CSI and do not require a responsive pleading from Munger Bros.

196.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 196.

197.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 197.

198.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 198.

199.     The allegations in paragraph 199 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.  The allegations in paragraph 199 are otherwise denied.

200.     Munger Bros. denies that CSI or Ms. Perez were required to inform Plaintiff Rosas that he would have to pay for food he chose to purchase in addition to the meals provided by Munger Bros. and therefore denies that they "failed" to do so.  The allegations in paragraph 200 are otherwise denied.

201.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 201.

202.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 202.

203.     Munger Bros. admits the allegations in paragraph 203.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 20
No. 2:18-cv-00112-JCC

Savitt Bruce & Willey llp
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1   204. Munger Bros. denies the allegations in paragraph 204.

2   205. Munger Bros. denies the allegations in paragraph 205 pertaining to it.  The

3 allegations in paragraph 205 pertaining Sarbanand Farms do not require a responsive pleading

4 from Munger Bros.

5   206. Munger Bros. denies the allegations in paragraph 206 pertaining to it.  The

6 allegations in paragraph 206 pertaining Sarbanand Farms do not require a responsive pleading

7 from Munger Bros.

8   207. The allegations in paragraph 207 pertain to Sarbanand Farms and do not require

9 a responsive pleading from Munger Bros.

10   208. The allegations in paragraph 208 pertain to Sarbanand Farms and do not require

11 a responsive pleading from Munger Bros.

12   209. The allegations in paragraph 209 pertain to Sarbanand Farms and do not require

13 a responsive pleading from Munger Bros.

14   210. The allegations in paragraph 210 pertain to Sarbanand Farms and do not require

15 a responsive pleading from Munger Bros.

16   211. The allegations in paragraph 211 pertain to Sarbanand Farms and do not require

17 a responsive pleading from Munger Bros.

18   212. The allegations in paragraph 212 pertain to Sarbanand Farms and do not require

19 a responsive pleading from Munger Bros.

20   213. The allegations in paragraph 213 pertain to Sarbanand Farms and do not require

21 a responsive pleading from Munger Bros.

22   214. Munger Bros. lacks knowledge or information sufficient to answer the

23 allegations in paragraph 214.

24   215. Munger Bros. denies the allegations in paragraph 215.

25   216. Munger Bros. lacks knowledge or information sufficient to answer the

26 allegations in paragraph 216.

27 **Factual Allegations of Plaintiff Tapia**

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 21
No. 2:18-cv-00112-JCC

217.     The allegations in paragraph 213 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

218.     Munger Bros. denies that Ms. Perez recruited Plaintiff Tapia in Mexico to harvest blueberries for five months in California and Washington.  Munger Bros. otherwise lacks knowledge or information sufficient to answer the allegations in paragraph 218.

219.     Munger Bros. denies that CSI or Ms. Perez were required to have Washington farm labor contractor's licenses and therefore denies that they could have "failed to exhibit them.   The allegations in paragraph 219 are otherwise denied.

220.     Munger Bros. denies that CSI or Ms. Perez were required to have a bond and therefore denies that they could have "failed to disclose" its amount or the amount of any claims against it.   The allegations in paragraph 220 are otherwise denied.

221.     Munger Bros. denies that CSI or Ms. Perez were required to provide Plaintiff Rosas with a written statement of the working conditions in Washington on a form prescribed by the Washington State Department of Labor and Industries and therefore denies that they could have "failed" to do so.  The allegations in paragraph 221 are otherwise denied.

222.     The allegations in paragraph 122 pertain to CSI and do not require a responsive pleading from Munger Bros.

223.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 223.

224.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 224.

225.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 225.

226.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 226.

227.     The allegations in paragraph 227 pertaining to Sarbanand Farms and do not require a responsive pleading from Munger Bros.  Munger Bros. denies that workers were

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    required to pick two boxes of blueberries an hour or face termination and therefore denies that

2    CSI or Ms. Perez could have failed to so inform Plaintiff Tapia.  The allegations in paragraph

3    227 are otherwise denied.

4        228.    The allegations in paragraph 228 pertaining to Sarbanand Farms and do not

5    require a responsive pleading from Munger Bros.  Munger Bros. lacks knowledge or

6    information sufficient to answer the remaining allegations in paragraph 228.

7        229.    Munger Bros. lacks knowledge or information sufficient to answer the

8    allegations in paragraph 229.

9        230.    Munger Bros. admits the allegations in paragraph 230.

10       231.    Munger Bros. denies the allegations in paragraph 231.

11       232.    Munger Bros. denies the allegations in paragraph 232 pertaining to it.  The

12   allegations in paragraph 232 pertaining Sarbanand Farms do not require a responsive pleading

13   from Munger Bros.

14       233.    Munger Bros. denies the allegations in paragraph 233 pertaining to it.  The

15   allegations in paragraph 233 pertaining Sarbanand Farms do not require a responsive pleading

16   from Munger Bros.

17       234.    The allegations in paragraph 234 pertain to Sarbanand Farms and do not require

18   a responsive pleading from Munger Bros.

19       235.    The allegations in paragraph 235 pertain to Sarbanand Farms and do not require

20   a responsive pleading from Munger Bros.

21       236.    The allegations in paragraph 236 pertain to Sarbanand Farms and do not require

22   a responsive pleading from Munger Bros.

23       237.    The allegations in paragraph 237 pertain to Sarbanand Farms and do not require

24   a responsive pleading from Munger Bros.

25       238.    The allegations in paragraph 238 pertain to Sarbanand Farms and do not require

26   a responsive pleading from Munger Bros.

27

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

239.     The allegations in paragraph 239 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

240.     The allegations in paragraph 240 pertain to Sarbanand Farms and do not require a responsive pleading from Munger Bros.

241.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 241.

242.     Munger Bros. denies the allegations in paragraph 242.

243.     Munger Bros. lacks knowledge or information sufficient to answer the allegations in paragraph 243.

244.     Munger Bros. denies the allegations in paragraph 244.

245.     Munger Bros. denies the allegations in paragraph 245 pertaining to it.  The allegations in paragraph 245 pertaining to Sarbanand Farms do not require a responsive pleading from Munger Bros.

## **CLASS ACTION ALLEGATIONS**

A.     <u>PLAINTIFF CLASS – ALL SARBANAND FOREIGN H-2A WORKERS</u>

246.     The allegations in paragraph 246 regarding the class Plaintiffs purport to represent do not require a responsive pleading, but Munger Bros. denies that such a class should be certified for the claims alleged.  The allegations in paragraph 246 are otherwise denied.

247.     The allegations in paragraph 247 regarding the size of the class Plaintiffs purport to represent do not require a responsive pleading, but Munger Bros. denies that such a class should be certified for the claims alleged.  The allegations in paragraph 247 are otherwise denied.

248.     Munger Bros. lacks information sufficient to answer the allegations in paragraph 248.

249.     The allegations in paragraph 249 are legal conclusions, to which no answer is required.  The allegations in paragraph 249 are otherwise denied.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 24
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

250.     The allegations in paragraph 250 (including each of its sub-parts) are legal conclusions, to which no answer is required.  The allegations in paragraph 250 are otherwise denied.

251.     The allegations in paragraph 251 (including each of its sub-parts) are legal conclusions, to which no answer is required.  The allegations in paragraph 251 are otherwise denied.

252.     The allegations in paragraph 252 are legal conclusions, to which no answer is required.  The allegations in paragraph 252 are otherwise denied.

B.     PLAINTIFF SUBCLASS – TERMINATED AND EVICTED H-2A WORKERS

253.     The allegations in paragraph 253 regarding the class Plaintiffs purport to represent do not require a responsive pleading, but Munger Bros. denies that such a class should be certified for the claims alleged.  The allegations in paragraph 253 are otherwise denied.

254.     The allegations in paragraph 254 regarding the size of the class Plaintiffs purport to represent do not require a responsive pleading, but Munger Bros. denies that such a class should be certified for the claims alleged.  The allegations in paragraph 254 are otherwise denied.

255.     Munger Bros. lacks information sufficient to answer the allegations in paragraph 255.

256.     The allegations in paragraph 256 are legal conclusions, to which no answer is required.  The allegations in paragraph 256 are otherwise denied.

257.     The allegations in paragraph 257 (including each of its sub-parts) are legal conclusions, to which no answer is required.  The allegations in paragraph 257 are otherwise denied.

258.     The allegations in paragraph 258 (including each of its sub-parts) are legal conclusions, to which no answer is required.  The allegations in paragraph 258 are otherwise denied.

MUNGER BROS. ANSWER AND DEFENSES
TO FIRST AMENDED COMPLAINT - 25
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

259.     The allegations in paragraph 259 are legal conclusions, to which no answer is required.  The allegations in paragraph 259 are otherwise denied.

### CAUSES OF ACTION

A.     <u>PLAINTIFF CLASS – ALL SARBANAND FOREIGN H-2A FIELD WORKERS</u>

**<u>TVPA – 18 U.S.C. § 1589(a)(4)</u>**

260.     Munger Bros. denies the allegations in paragraph 260.

**<u>TVPA – 18 U.S.C. § 1589(a)(3)</u>**

261.     Munger Bros. denies the allegations in paragraph 261.

**<u>WASHINGTON FARM LABOR CONTRACT ACT – RCW 19.30</u>**

262.     Munger Bros. denies the allegations in paragraph 262.

263.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Munger Farm denies the allegations in paragraph 263.

264.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Munger Farm denies the allegations in paragraph 264.

265.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Munger Farm denies the allegations in paragraph 265.

266.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Munger Farm denies the allegations in paragraph 266.

267.     Based on its above responses to Plaintiffs' factual allegations, and on information and belief, Munger Farm denies the allegations in paragraph 267.

**<u>WASHINGTON LAW AGAINST DISCRIMINATION – RCW 49.60.180(3)</u>**

268.     Munger Bros. denies the allegations in paragraph 268.

**<u>WASHINGTON CONTRACT LAW</u>**

269.     Munger Bros. denies the allegations in paragraph 269.

270.     Munger Bros. denies the allegations in paragraph 270.

271.     Munger Bros. denies the allegations in paragraph 271.

272.     Munger Bros. denies the allegations in paragraph 272.

MUNGER BROS.'S ANSWER TO FIRST AMENDED
COMPLAINT - 26
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

B.     PLAINTIFF SUBCLASS – TERMINATED AND EVICTED H-2A WORKERS

**WASHINGTON'S LITTLE NORRIS-LAGUARDIA ACT – RCW 49.32.020**

273.     To the extent paragraph 273 contains legal conclusions, no answer is required, though Munger Bros. denies the same.  Munger Bros. denies the remaining allegations in paragraph 273.

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

274.     Munger Bros. denies the allegations in paragraph 274.

**WRONGFUL EVICTION**

275.     Munger Bros. denies the allegations in paragraph 275.

<b><u>PRAYER FOR RELIEF</u></b>

The Prayer for Relief does not require a responsive pleading, but Munger Bros. denies that Plaintiffs are entitled to the relief requested.

<b><u>DEFENSES</u></b>

Munger Bros. asserts the following defenses with respect to Plaintiffs' claims:

1.     Jurisdiction is not proper over Munger Bros. in connection with any of the claims raised by Plaintiffs.

2.     Venue is not proper for any action against Munger Bros.

3.     Plaintiffs and the putative class have failed to state a claim upon which relief can be granted.

4.     Plaintiffs and the putative class have failed to adequately state a claim for injunctive or equitable relief.

5.     One or more of Plaintiffs' or the putative class members' claims are barred by estoppel, ratification, waiver, and/or unclean hands.

6.     Plaintiffs and the putative class suffered no actual damages as a result of any of the actions alleged.

MUNGER BROS.'S ANSWER TO FIRST AMENDED
COMPLAINT - 27
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

7.      Any damages allegedly sustained by Plaintiffs or the putative class were the result of their own actions and/or the actions of third parties not subject to the control of Munger Bros.

8.      Plaintiffs and the putative class members have failed, refused, and/or neglected to mitigate the damages alleged to have been incurred.

9.      One or more of Plaintiffs' or the putative class members' claims are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

10.     One or more of Plaintiffs' or the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members consented to the conduct about which they now complain.

11.     One or more of Plaintiffs' or the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members voluntarily engaged in the work for pay on behalf of Munger Bros. and did so without threat, compulsion, force, fraud or coercion.

12.     One or more of Plaintiffs' or the putative class members' claims are barred, in whole or in part, because all complained-of acts were undertaken pursuant to express statutory or regulatory authority granted by applicable government agencies.

13.     Munger Bros. has not been unjustly enriched.  Plaintiffs and the putative class are therefore not entitled to disgorgement or restitution.

14.     Plaintiffs and the putative class were treated fairly and in good faith, and all actions taken with regard to them were taken for lawful business reasons.

15.     With regard to the breach of contract claim, Plaintiffs and/or putative class members materially breached the contract prior to any purported breach by Munger Bros., excusing further performance.

16.     This suit may not properly be maintained as a class action because, among other reasons, individual issues predominate over issues common to any of the putative class members; a class action is neither preferable to other means nor manageable; putative class

1  members cannot be readily ascertained; and the named plaintiffs are not adequate

2  representatives for the alleged putative class.

3        17.     The adjudication of the claims of the putative class (or of a certified class if a

4  class is certified over Munger Bros.' objections) through generalized classwide proof would

5  violate Munger Bros.' right to due process of law.

6        Munger Bros. does not presently know all facts concerning the conduct of Plaintiffs and

7  the putative class members sufficient to state all affirmative defenses at this time.  Munger

8  Bros. will seek leave of this Court to amend this Answer should it later discover facts

9  demonstrating the existence of additional affirmative defenses.

10

      DATED:  April 6, 2018.

11

12                        **SAVITT BRUCE & WILLEY LLP**

13

14               By   *s/David N. Bruce*

15               David N. Bruce, WSBA #15237
             Miles A. Yanick, WSBA #26603

16               C. N. Coby Cohen, WSBA #30034
             1425 Fourth Avenue Suite 800

17               Seattle, Washington  98101-2272
             Telephone: 206.749.0500

18               Facsimile:  206.749.0600
             Email:  dbruce@sbwLLP.com

19               Email:  myanick@sbwLLP.com
             Email:  ccohen@sbwLLP.com

20

21               Attorneys for  Defendant Munger Bros., LLC

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on April 6, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Dated this 6th day of April, 2018 at Seattle, Washington.

*Gabriella Sanders*

Gabriella Sanders

CERTIFICATE OF SERVICE
No. 2:18-cv-00112-JCC

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500