THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC, MUNGERBROS., LLC., NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to serve Defendant CSI Visa Processing S.C. pursuant to Federal Rule of Civil Procedure 4(f)(3) (Dkt. No. 14). Having thoroughly considered the unopposed motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Plaintiffs bring a putative class action on behalf of approximately 600 Mexican farm workers for alleged labor law violations during the 2017 blueberry harvest in Sumas, Washington. (Dkt. No. 14 at 1.) Plaintiffs have personally served both grower Defendants and seek Court leave to serve Defendant CSI Visa Processing S.C. ("CSI S.C."), a Mexican farm labor contractor, by mail to CSI S.C.'s employee based in Olympia, Washington and by service

on U.S. counsel.[1] (*Id*.) Plaintiffs assert that the alternative option—service through the Hague Convention—would involve a year's delay and approximately $3,000 in costs. (*Id*.) No Defendant opposed or otherwise responded to Plaintiffs' present motion.

## II. DISCUSSION

Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3) allow for service of process on a foreign business entity by "means not prohibited by international agreement, as the court orders." Service provided for under Rule 4(f)(3) is not a "last resort," but rather one of several options a plaintiff has to serve an international defendant. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). A district court has discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id*. at 1016. Upon finding alternative service appropriate, a court must determine that the proposed means of service are "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id*.

### A. Alternative Service under FRPC 4(f)(3)

The Court finds that the particularities of this case require alternate service under Rule 4(f)(3). Plaintiffs' initial complaint named CSI USA, a company with the same personnel as CSI, S.C., but registered in the state of Washington. (Dkt. No. 14 at 2.) Plaintiffs made repeated attempts to serve CSI USA at its Washington address before CSI USA's counsel, Adam Belzberg, agreed to accept service. (*Id*. at 4.) Upon consulting with Mr. Belzberg, Plaintiffs amended their complaint to substitute CSI S.C. for CSI USA. (*Id*. at 5.) Mr. Belzberg declined to accept or waive service on behalf of CSI S.C., stating that he represented only CSI USA. (*Id*.) Plaintiffs represent that effecting service of process on CSI S.C. in Mexico will take approximately one year and cost approximately $3,000. (*Id*. at 1.) Given Plaintiffs' attempts to effect service in the U.S., the close relationship between CSI S.C. and CSI USA, and the Court's interest in efficiently advancing this class action litigation, the Court finds alternative service

---

[1] Adam Belzberg, counsel for CSI USA.

under Rule 4(f)(3) necessary here.

This result is not precluded by the Hague Convention, which does not come into force where "valid service [can occur] in the United States." *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).

**B. Means of Alternative Service Comport with Due Process**

Plaintiffs' proposed means of alternative service are reasonably calculated to provide notice to CSI S.C. and to it provide an opportunity to present objections. *See Rio Props.,* 284 F.3d at 1016. Plaintiffs propose service on Mr. Belzberg, attorney for CSI USA, and Roxana Macias, employee of CSI USA and CSI S.C.[2] An individual served on behalf of a foreign defendant need not "[represent] them or [be] authorized to accept service on their behalf." *Brown*, 285 F.R.D. at 566. Service on a U.S. agent is reasonable if it is "reasonably certain to inform those affected." *Mullane v. Central Hanover Bank & Trust Co., et al.*, 339 U.S. 306, 315 (1950).

Service on Mr. Belzberg and Ms. Macias is reasonably certain to inform CSI S.C. of the pending lawsuit. Mr. Belzberg has stated that he represents only CSI, USA, which "has never been used for anything." (Dkt. No. 14 at 4, 5.) However, he has communicated with CSI S.C. about the pending lawsuit, he knows CSI's legal position regarding waiver or authorization of service, and he has provided CSI S.C. with a copy of the amended complaint. (Dkt. No. 14 at 7.) Mr. Belzberg has further represented that CSI S.C. and CSI USA are "the same owners; the same people." (*Id.*) This is reflected in the Ms. Macias paperwork filed to form CSI Visa Processing, USA, LLC. (Dkt. No. 14 at 3.) The filing lists Guillermo Mathus and Tania de la Fuente as the

---

[2] Ms. Macias is identified on her CSI Visa Processing business card as "Director of Compliance" and is alleged to be the primary contact between CSI and hiring farms. (Dkt. No. 14 at 2–3.) In January 2017, she filed the paperwork to form CSI Visa Processing, USA, LLC. (*Id.* at 3.) A 2016 biography describes her as a CSI Visa Processing employee responsible for ensuring compliance with "applicable laws and regulations." (*Id.* at 4.)

two other executors of the company. (*Id.*) Mr. Mathus is also the president of CSI S.C. and de la Fuente is the general manager for the company, which has been active in Washington since at least 2012. (*Id.*) Service on Mr. Belzberg and Ms. Macias is reasonably calculated under these circumstances, to apprise CSI S.C. of the pendency of the action and to afford a full and fair opportunity to respond. *Accord Rio Props.*, 284 F.3d at 1017 (service on U.S.-based attorney was appropriate where he had been consulted by the defendant about the suit and was clearly in contact with the defendant).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for alternative service (Dkt. No. 14) is GRANTED. Plaintiffs may serve CSI S.C.'s Washington-based employee, Roxana Macias, by first-class U.S. mail at her address in Olympia and attorney Adam Belzberg at his law office in Seattle.

DATED this 27th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE