UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS LLC, *et al.*,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Nidia Perez's motion to dismiss (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND[1]

Plaintiffs bring this employment class action arising out of Defendants' recruitment, employment, and treatment of foreign H-2A farm workers. (Dkt. No. 12 at 1.) The sole claim against Defendant Nidia Perez is for violation of the Washington Farm Labor Contractor Act ("FLCA"). (*Id.* at 31.)

Defendant Munger Bros. ("Munger") is a California blueberry producer owned by Kewel and Baldev Munger. (*Id.* at 3–4.) The Mungers also own Defendant Sarbanand Farms

---

[1] This section summarizes the facts as set forth in Plaintiff's complaint, which are assumed to be true, as is appropriate on a motion to dismiss.

("Sarbanand"), a Washington blueberry producer. (*Id.*)

Ms. Perez, a California resident, was employed by Munger, but also performed work for Sarbanand. (*Id.* at 3, 10.) Ms. Perez contacted putative class members in Mexico to recruit them to harvest blueberries for Munger in California and for Sarbanand in Washington. (*Id.* at 10.) Sarbanand paid Ms. Perez a fee to recruit workers who could be transferred to Sarbanand's harvest after completing the blueberry harvest in California. (*Id.*) Ms. Perez also recruited workers on behalf of a third company owned by the Mungers, Crowne Cold Storage ("Crowne"). These workers were recruited to package blueberries in California and then be transferred to Sarbanand in Washington. (Id. at 10.) Ms. Perez directed the workers she recruited to Defendant CSI Visa Processing's ("CSI") office to facilitate required H-2A visas. (*Id.*) She also provided CSI with lists of workers to be given visas to work for Crowne, Munger, and Sarbanand. (*Id.* at 11.)

Ms. Perez is not registered or licensed in Washington as a farm labor contractor, nor did she obtain a bond to operate as a licensed farm contractor. (*Id.*) Plaintiffs allege that by failing to do so, Ms. Perez violated the FLCA. (*See* Dkt. No. 12). Ms. Perez moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that she is exempt from the FLCA. (*See* Dkt. No. 20.)

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A defendant may move to dismiss when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Id.*; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A

claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

**B.     Analysis**

Under FLCA, all farm labor contractors must be licensed. Wash. Rev. Code § 19.30. A farm labor contractor is any person who for a fee recruits, solicits, employs, supplies, transports, or hires agricultural employees. Wash. Rev. Code § 19.30.010(4)–(5). However, FLCA does not apply to persons performing these activities "only within the scope of his or her regular employment for one agricultural employer on whose behalf he or she is so acting, unless he or she is receiving a commission or fee, which commission or fee is determined by the number of workers recruited." Wash. Rev. Code § 19.30.010(8).

Ms. Perez argues that FLCA exempts employees of agricultural employers, thus, the statute does not apply to her. (*See* Dkt. Nos. 20, 28.) She relies on the FCLA exception for persons working within the scope of their employment for "one agricultural employer" who are not paid a fee based on the number of workers recruited. Wash. Rev. Code § 19.30.010(8).

The fact that Ms. Perez is an agricultural employee does not, by itself, bring her under the FLCA exception. Plaintiffs' first amended complaint alleges that Ms. Perez was employed by Munger, that she recruited workers to harvest and package blueberries on behalf of three entities in both California and Washington, and that Sarbanand paid her a separate fee to recruit workers for its harvest. (Dkt. No. 12 at 3, 10.) The Court finds Plaintiffs have alleged sufficient facts for the Court to infer that Ms. Perez performed labor contracting activities on behalf of more than one agricultural employer.

Ms. Perez argues that the FCLA exempts "grower employees" like herself even when they recruit workers for more than one employer. (Dkt. No. 28 at 3.) She reasons that the statute was "aimed at transient labor contractors" who are difficult to locate and to hold accountable. (*Id*.) This argument relies on a district court's interpretation of the comparable federal statute, the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C Section 1801, *et*

*seq*. (*See* Dkt. No. 28 at 9–11) (discussing *Escobar v. Baker*, 814 F. Supp. 1491 (1993)). However, the Washington Supreme Court has since found significant differences between the AWPA and the FLCA, holding that the "legislature intended the FLCA to provide farm workers protections greater than those provided under the federal scheme." *Perez-Farias v. Glob. Horizons, Inc.*, 286 P.3d 46, 51 (2012). In *Perez-Farias*, the court cautioned that the FLCA "must be liberally construed to further [its] intended [purpose], which . . . includes promoting the enforcement of the [statute] and deterrence." *Id.* at 52. Thus, the Court finds that the FCLA "agricultural employee" exemption does not reach to agricultural employees performing labor contracting duties for multiple employers.

On this basis, the Court concludes that Plaintiffs have alleged sufficient facts to allow the Court to draw a reasonable inference that Ms. Perez is liable under the FCLA.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 20) is DENIED.

DATED this 7th day of June 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE