THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC, *et al.*,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for an order providing for the release of information from the Washington State Employment Security Division ("ESD") (Dkt. Nos 36, 38-1). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs bring class claims under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589, and the Farm Labor Contractor Act ("FCLA"), Wash. Rev. Code § 19.30. (Dkt. No. 38-1 at 2.) They seek information relevant to these claims from ESD, a state organization that refers H-2A workers to farms—including Sarbanand—tracks those workers, and receives complaints about employers who unlawfully deny employment to preferred domestic farm workers. (*Id*. at 2.) ESD maintains official records for each H-2A job order. (*Id*.) Washington

Revised Code section 50.13 designates these records as private and confidential. Wash. Rev. Code § 50.13.020. However, records "shall be available" to parties in judicial proceedings upon a specific finding of need by the court. *Id*. at § 50.13.070.

Plaintiffs ask the Court to issue a proposed subpoena making the requisite finding and directing ESD to produce "1) documentation regarding all recruitment efforts in connection with Sarbanand's 2017 H-2A job orders and 2) all complaints, documentation, and investigation results related to Sarbanand Farms from 2015 to 2017." (Dkt. No. 38-1.) ESD does not oppose Plaintiffs' request. (Dkt. No. 42 at 2.) Defendants do not oppose issuance of a subpoena, but seek to limit its scope and to designate as confidential any documents produced. (Dkt. No. 40 at 2.)

## II. DISCUSSION

Upon review of Plaintiffs' motion and the records in this case, the Court finds that the need for the information and records in the current proceedings outweighs any reasons for their privacy and confidentiality. *See* Wash. Rev. Code 40.13.070.

Plaintiffs represent that the information will likely relate to Sarbanand's duty to recruit domestic workers and include complaints from H-2A workers regarding working conditions and adequacy of food provided by Sarbanand. (Dkt. No. 38-1 at 4.) This information is relevant to proving claims pled in Plaintiffs' Amended Complaint. (Dkt. Nos. 38-1 at 3, 12 at 13, 16.) The Court agrees with Plaintiffs that their claims potentially raise important public policy concerns regarding labor rights, and that information held by ESD is necessary for a full evaluation of those claims. (*See* Dkt. No. 38-1 at 5.) Neither ESD nor Defendants assert any additional reason for the privacy or confidentiality of the documents requested beyond their statutory designation. (*See generally* Dkt. Nos. 40, 42.)[1] The Court finds that Plaintiffs' need for the documents outweighs any interest Sarbanand or a third-party may have in recruitment information or

---

[1] Defendants argue that the Court should require ESD or Plaintiffs to identify specific privacy and confidentiality interests in the records sought. (Dkt. No. 40 at 2.) But the records relate to Sarbanand's interactions with ESD, both of whom would be better-positioned to identify such interests than Plaintiffs.

investigation records held by ESD.

Despite Defendants' objections, the Court finds the scope of the subpoena fully supported by Plaintiffs' motion and the relevant regulations. Furthermore, the Court declines to issue what would amount to a blanket protective order on yet undisclosed documents. Upon receipt and review of the documents, the parties may consult and prepare a stipulated protective order to present to the Court, or move to file under seal any documents containing confidential information.

For the foregoing reasons, Plaintiffs' motion for an order finding discovery of ESD documents appropriate (Dkt. No. 36) is GRANTED. The Court approves the updated proposed subpoena (Dkt. No. 44-1).

DATED this 6th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE