THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br>v.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC, NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to compel Defendants Sarbanand Farms, LLC and Munger Bros., LLC (collectively, "Growers") to answer interrogatories and provide responses to requests for production (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

On May 18, 2018, Plaintiffs sent Growers formal discovery requests. (Dkt. No. 47.) After being granted an extension to respond to discovery by Plaintiffs, Growers provided form

objections to Plaintiff's discovery requests, and did not produce any documents. (*Id*.) The parties conducted a Federal Rule of Civil Procedure 37 conference. (*Id*.) Growers stated that they wanted to send a notice to all class members prior to disclosing class member information, they did not want to provide information related to H-2A work in California, and they objected to providing harvest profit data. (*Id*.) The next day, Growers produced documents that were almost entirely redacted. (*Id*.)

Growers agreed to provide Plaintiffs' requested class member discovery and discovery related to class members' employment in California. (*Id*.) Growers requested a protective order before providing the discovery. (*Id*.) Plaintiffs filed the instant motion to compel, seeking non-confidential information responsive to their discovery requests and a list of documents and information that Growers believed required a protective order. (Dkt. No. 46.)

Growers withdrew their request for a protective order. (Dkt. Nos. 47 at 4–6; 54-1 at 17.) Growers have since produced 33,000 pages of documents related to class members, with personal information redacted. (Dkt. No. 54.) Plaintiffs' counsel sent a letter to Growers' counsel outlining deficiencies in their discovery response. (Dkt. No. 56-1.) The deficiencies identified by Plaintiffs were "documents and discovery [Plaintiffs] had been seeking since early March." (Dkt. No. 56 at 3.)

## II. DISCUSSION

Following Growers' retraction of their request for a protective order, the only relief sought by Plaintiffs is an order compelling Growers to respond to Plaintiffs' discovery requests by providing all non-confidential discovery. (Dkt. Nos. 46 at 2, 55 at 5.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although the Court strongly disfavors discovery motions, if the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to issue an order to compel. *Phillips ex rel. Estates of Byrd v.*

*General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017).

Plaintiffs' formal discovery requests were sent to Growers almost three months before the instant motion to compel was filed. (Dkt. Nos. 46, 47.) Plaintiffs seek to compel the disclosure of non-confidential information responsive to their discovery requests. (Dkt. Nos. 46 at 2, 55 at 5.) Growers do not contend that the information sought by Plaintiffs' motion is privileged, irrelevant, or disproportional to the needs of the case. (*See* Dkt. No. 53.) Therefore, such information should have been disclosed in response to Plaintiffs' discovery requests. *See* Fed. R. Civ. P. 26(b)(1).

Growers argue that the deficiencies identified by Plaintiffs' August 25 letter are being raised for the first time, and therefore a new Federal Rule of Civil Procedure 37 conference is required. (*Id.* at 6.) But Plaintiffs' August 25 letter sought discovery that was within the scope of their original discovery requests. (*See* Dkt. No. 56.) Growers have been aware of these discovery requests since May 2018, and the parties even conducted a Rule 37 conference to discuss the requests. (Dkt. No. 47.) The Court sees no reason to drag this dispute out any further.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel Defendants Sarbanand Farms, LLC and Munger Bros., LLC to answer interrogatories and provide responses to requests for production (Dkt. No. 46) is GRANTED. Growers are ORDERED to provide all non-confidential information responsive to Plaintiffs' May 18, 2018 discovery requests within 14 days of the issuance of this order.

DATED this 24th day of September 2018.

//

//

//

1
2
3  _____
   John C. Coughenour
4  UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER
C18-0112-JCC
PAGE - 4