THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC, NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to approve their proposed class notice plan (Dkt. No. 75). Defendants Sarbanand Farms, LLC, Munger Brothers, LLC, and Nidia Perez oppose the motion. (Dkt. 79.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I. BACKGROUND

On December 20, 2018, the Court certified a class and two sub-classes of Mexican national migrant farm workers. (Dkt. No. 74 at 26–27.) Plaintiffs now move for approval of their proposed notice plan, which includes notice by text message, a radio campaign in Mexico and in U.S. farm worker communities, online publication on two web platforms, and Facebook. (Dkt.

No. 75 at 2–3.)

## II. DISCUSSION

### A. Legal Standard for Class Notice

The Court must approve the content and form of class notice. Fed. R. Civ. P. 23(d). District courts possess broad discretion to shape such notice to comply with Rule 23. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (holding that it is proper for district courts to "interven[e] in the notice process"). Class notice must satisfy Federal Rule of Civil Procedure 23(c)(2), which "requires a higher standard of notice for a Rule 23(b)(3) class action." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)). Accordingly, for Rule 23(b)(3) classes, courts must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(b).

### B. Proposed Notice Forms

The Court will consider each proposed notice method in turn before examining the content of Plaintiffs proposed forms and proposed opt-out methods.

#### 1. Text Message

Plaintiffs propose to individually notify class members by text message. (Dkt. No. 75 at 2.) Plaintiffs claim to possess 96 percent of class members' phone numbers, but less than two percent of their email addresses. (*Id.*) The proposed text message would include a link to the full class notice, how to access the opt-out form, and class counsel's contact information. (*Id.* at 3.) Class notice may take the form of "one or more of the following: United States mail, electronic means, or other appropriate means . . ." Fed. R. Civ. P. 23(c)(2)(b). The Advisory Committee Notes recognize "contemporary methods of giving notice to class members," and that "technological changes" have "introduced other means of communication that may sometimes provide a reliable additional or alternative method for giving notice." Fed. R. Civ. P. 23(c) Advisory Committee Notes.

While U.S. mail has long been the primary method of providing class notice, "courts and counsel have begun to employ new technology to make notice more effective." *Desio v. Russell Rd. Food & Beverage, LLC*, 2017 WL 4349220, slip op. at 5 (D. Nev. 2017) (finding text message was a proper form of notice "in [the Court's] discretion . . . due to the transient nature of dancers").

Plaintiffs assert that mail is not a practicable means to provide notice to the class. (Dkt. No. 77 at 2.) Declarations from class administrators and litigators experienced in working with the class's population describe the Mexican mail system as unreliable, stating that mail often does not reach its destination or is delayed by weeks or months. (Dkt. Nos. 76 at 2, 77 at 2.) Since class members do not have permanent addresses in the U.S. and class counsel has 96 percent of their phone numbers, the Court FINDS that notifying class members by text message is the best practicable individualized notice under the particular circumstances of this case.

### 2. Radio Campaign in Mexico and Certain U.S. Cities

Plaintiffs propose to provide notice via a radio campaign that would air in Mexican states where class members have resided and in U.S. cities where migrant farm worker populations are concentrated. (*Id.* at 3.) Radio notice would be made in collaboration with Centro de los Derechos del Migrante ("CDM"). (*Id.*)

Courts in the Ninth Circuit have recognized that the "best practicable" notice to migrant worker class members may be "publication and radio announcements in relevant U.S. and Mexican newspapers," *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1304 at n. 2 (9th Cir. 1990) (citing *Montelongo v. Meese*, 803 F.2d 1341, 1351 (5th Cir. 1986)). Additionally, while "[it] may sometimes be true that electronic methods of notice, for example, email, are the most promising, it is important to keep in mind that a significant portion of class members in certain cases may have limited or no access to email or the Internet." Fed. R. Civ. P. 23(c) Advisory Committee Notes.

Plaintiffs offer declarations of litigators and class administrators experienced in working with Mexican migrant workers who state that they have previously used radio notice to reach members of similar classes. (Dkt. No. 76 at 2.) Although Plaintiffs have proposed notice by text message, they acknowledge the lack of consistent cell service or the internet in rural Mexican communities. (Dkt. No. 77 at 2.) The use of a radio campaign in conjunction with sending class members individual text messages is appropriate in the event that some class members do not have reliable cell phone or internet service despite having provided their phone number. Therefore, the Court FINDS that the radio form of notice is appropriate.

### 3. Publication to Two Web Platforms

Plaintiffs have proposed notice via publication on two web platforms. (Dkt. No. 75 at 3.) CDM would post the publication notice, which is a one-page, condensed version of the full class notice, on its "online forum for migrant workers." (Dkt. No. 77 at 2.) Additionally, class counsel would provide the publication notice to a national farm worker advocate listserv. (Dkt. No. 76 at 3.) Defendants argue that the posting should provide the full notice, not the publication notice. (Dkt. No. 79 at 5.) Given the ease with which parties may post additional documents to a web forum, the Court FINDS that full notice should be posted in addition to the publication notice to fully inform class members about the lawsuit and their rights. Therefore, the Court FINDS it is reasonable to post the publication notice to the two web platforms after the content is modified pursuant to this order, discussed *infra*, and ORDERS Plaintiffs to include the full notice form.

### 4. Facebook

Plaintiffs propose to use Facebook as a form of class notice, but provide no details as to the method or contents of such notice. (*See* Dkt. No. 75 at 3.) CDM has stated that it is "able to issue an alert to its entire worker contact base, through its social media accounts on Twitter and Facebook." (Dkt. No. 77 at 2.) Plaintiffs do not address this assertion in their briefing, nor is it clear what form of alert CDM would send. (*Id.*) Posting to social media platforms can constitute over-inclusive notice, especially if the Court has approved other notice formats. *See, e.g.*, *Jermyn*

*v. Best Buy Stores, L.P.*, 2010 WL 5187746, slip op. at 6 (S.D.N.Y. 2010). Given that the Court has already approved notice by text message, radio, and publication to two web platforms as the best practicable notice plan, the Court FINDS that the Facebook posting is unnecessary and DENIES Plaintiffs' request to use this form of notice.

### C. Proposed Notice Content

The class notice must be stated in "plain, easily understood language" and contain (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests it; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members. Fed. R. Civ. P. 23(c)(b)(2). Further, "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Fraser v. Wal-Mart Stores, Inc.*, 2016 WL 6208367, slip op. at 3 (E.D. Cal. 2016) (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 174).

The Court FINDS that both the proposed full notice and proposed publication notice satisfy the elements of Rule 23(c)(2)(b). The full notice and publication notice explain the nature of the action, the claims or defenses, class members' right to appear individually through an attorney, the right to be excluded from the class upon request, how a member can request exclusion, and the preclusive effect of any class judgment. (*See* Dkt. Nos. 75-1, 75-2.)

#### 1. Content of the Full Notice Form

##### a. *Titles and Descriptions of Class Member Options*

Defendants assert that the content of the proposed full notice form unfairly characterizes class members' options and Defendants' conduct.[1] (Dkt. No. 79 at 4.) In drafting the proposed

---

[1] Defendants also argue that Plaintiffs did not seek their input prior to filing this motion. (Dkt. No. 79 at 1.) Defendants have not cited legal authority requiring that the parties confer prior to moving for the Court's approval of class notice. Further, Plaintiffs attempted to contact

notice, Plaintiffs looked to the illustrative form produced by the Federal Judicial Center (the "FJC full notice form"), which is based on multi-disciplinary class action notice research. (Dkt. Nos. 75 at 2, 76 at 1); *see* FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Full Notice" at 1. Plaintiffs modified the FJC full notice form to change the standard options from "Do Nothing" and "Ask to be Excluded" to "Do Nothing- Stay with the Group" and "Ask to be Excluded From the Group Case." (Dkt. No. 75-1 at 2.) While the outcome of either choice is the same, Plaintiffs' phrasing may improperly incentivize class members to stay in the lawsuit. For example, in the "Do Nothing – Stay With The Group" section, the introductory phrase is, "Stay with group of farm workers and the attorneys representing them at no charge. Await the outcome." (*Id.*) In the "Ask to be Excluded From the Group Case" section, the introductory language is, "Get no benefits from the group lawsuit. Hire and pay for your own attorney." (Dkt. No. 75-1 at 2.) The Court contrasts Plaintiffs' proposed language with the FJC's model language, "Get out of this lawsuit. Get no benefits from it. Keep rights." FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Full Notice" at 1. By comparing a class member who stays with "the group and the attorneys" at "no charge" with a class member who opts out and needs to "hire and pay for their own attorney," the proposed notice focuses more on the cost of legal representation than preserving or surrendering legal rights. *See Campbell v. Best Buy Stores, L.P.*, 2014 WL 12591799, slip op. at 5 (C.D. Cal. 2014) (finding a class notice statement "that individuals will be responsible for their own attorneys' fees if they choose to be excluded is ambiguous and could be misinterpreted.").

The Court FINDS that the changes made by Plaintiffs render the full notice form unnecessarily ambiguous and could unduly influence a class member to stay in the lawsuit by its focus on paying for an attorney or the perceived security of staying with "the Group" instead of

---

Defendants for redline edits on January 14 and 15, 2019, and received no substantive response. (Dkt. No. 81 at 2–3.) The lack of collaboration between the parties prior to Plaintiffs filling the present motion does not affect the Court's analysis of the notices.

the action's impact on individual class members' rights. The Court ORDERS the Plaintiff to adopt the FJC full notice form's titles and introductory language contained in the "Your Legal Rights and Options in this Lawsuit" section. *See* FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Full Notice" at 1.

### b. *Description of the Lawsuit*

Additionally, Defendants object to the proposed full notice's characterization of the lawsuit, which reads in relevant part:

> Farm workers allege that the Defendants violated their rights in 2017 by using unlicensed farm labor contractors . . . the workers also allege that [Defendants] regularly threatened workers to keep them in the fields and violated the work contract by imposing unlawful production standards and failing to provide adequate food. The lawsuit also claims that Sarbanand and Munger wrongfully fired a group of . . . workers for taking action to protect their rights and unlawfully evicted them from camp.

(Dkt. No. 75-1 at 3.) Following the summary of the allegations, the proposed full notice provides that "Defendant denies doing anything wrong." (*Id.*) As with the FJC full notice form, these two statements are followed by a note that the Court has not yet decided if any wrongdoing occurred. (*Id.*); FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Full Notice" at 2. While the proposed full notice provides more detail as to the Plaintiffs' allegations than Defendants' legal defenses, the proposed notice does not state that Plaintiffs' claims have been proven. The Court FINDS that the full notice's description of the class action suit is not unduly biased against Defendants and APPROVES it as written.

### 2. Content of the Radio Advertisement

Plaintiffs filed proposed text for the radio notice in their initial motion. (Dkt. No. 75-3.) Subsequently, they filed a revised radio notice in their reply brief. (Dkt. No. 80-1 at 2.) Defendants have not had an opportunity to respond to the newly proposed radio notice, which is substantially different than the first proposed radio notice. *See U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (holding that it is improper for a moving party to

introduce new facts or different legal arguments in the reply brief than those presented in the moving papers). Therefore, the Court DENIES the proposed content of the revised radio notice and GRANTS Plaintiffs leave to file a motion proposing content of a radio notice consistent with this order, after conferring with Defendants.

3. Content of the Publication Notice Form

The proposed publication notice form does not significantly deviate from the FJC's publication notice form. *Compare* (Dkt. No. 75-2), *with* FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Publication Notice" at 1. The FJC's publication notice form includes more detail as to the class allegations than the FJC's full notice form, making Plaintiffs' proposed publication notice and the FJC's publication notice form substantially similar. *Id.* While Defendants repeat their objections about the notice's content, the proposed publication notice does not have the same improper language focusing on staying with the group or paying for an attorney. (Dkt. Nos. 79 at 5, 75-2.) However, Plaintiffs deviated from the FJC publication notice form in two important ways. First, in the "Who Represents You?" section of Plaintiffs' proposed publication form, the last sentence states, "If you would rather hire your own lawyer to bring your case individually, you will have to locate and pay for that lawyer yourself." (Dkt. No. 75-2.) Plaintiffs' reference to hiring a lawyer in this section refers to a class member appearing in the lawsuit as a class member, but represented by his or her own counsel. *See* FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Publication Notice" at 1. The following section, "What are your Options?" is the proper place to discuss opting out and bringing a case individually. Second, in the "What are your Options?" section, Plaintiffs changed the model language to "If you ask to be excluded, you will not get any money or benefits from this lawsuit if any are awarded." (*Id.*) While true, the statement should also address that a class member who opts out retains his or her legal rights to sue separately. *See* FEDERAL JUDICIAL CENTER, "Employment Discrimination Class Action Certification: Publication Notice" at 1. In order to adequately notify class members of their legal

rights, Plaintiffs are ORDERED to change the content of the proposed publication notice to mirror the FJC's publication notice form.

Given the proposed publication notice's neutral language and substantial similarity to the FJC's model form, the Court APPROVES the publication notice with the modifications ordered above.

### D.     Opt-out Procedure

Plaintiffs propose an opt-out procedure that requires class members to mail the completed form to the Court in order to be excluded. (Dkt. No. 75-4.) Given the binding nature of Rule 23(b)(3) class action suits, notice communications must provide class members with a clear way to opt out of the suit. Fed. R. Civ. P. 23(c)(2)(b). Courts "should focus also on the method of opting out provided in the notice. The proposed method should be as convenient as possible, while protecting against unauthorized opt-out notices." Fed. R. Civ. P. 23(c) Advisory Committee Notes. Courts have held that Rule 23 does not require any particular format for opt-out procedures. *See Makaeff v. Trump Univ., LLC*, 2015 WL 5638192, slip op. at 4 (S.D. Cal. 2015).

The Court finds that it would be incongruent to expect the Mexican mail system to be any more reliable for enabling class members to send opt-out forms to the Court than it would be for providing class notice. (Dkt. No. 77 at 2.) Additionally, Plaintiffs state that many class members lack consistent access to cell phone or internet service. (Dkt. No. 77 at 2.) Plaintiffs, in their reply, state they "are open to the Court deciding that sending a copy of the opt-out form to counsel via email or WhatsApp would be acceptable and the Plaintiffs would then file those . . . with the Court." (Dkt. No. 80 at 2.) In order to provide convenient opt-out procedures, the Court FINDS an additional method to opt-out is necessary. Therefore, Plaintiffs are ORDERED to provide an alternative opt-out method by text message, email, or by another format allowing members to contact class counsel directly. Class counsel is DIRECTED to assist class members who wish to opt out in completing the opt-out forms as necessary and to file such forms with the

Court before the end of the opt-out window.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for approval of class notice (Dkt. No. 75) is GRANTED in part and DENIED in part. The Court APPROVES the following forms of providing notice to the class: text message, radio advertisement, and publication on two web platforms. Plaintiffs are ORDERED to modify the content of the notices and opt-out form in accordance with this order. Plaintiffs are GRANTED leave to move the Court for additional forms of notice if necessary, after conferring with Defendants.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE