THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,

Plaintiffs,

v.

SARBANAND FARMS, LLC, *et al.*,

Defendants.

CASE NO. C18-0112-JCC

ORDER

This matter comes before the Court on Plaintiffs' class notification update and request for additional time to evaluate class opt-outs (Dkt. No. 111). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

The Court set forth the facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 74.) In February 2019, the Court approved Plaintiffs' request to provide class notice via text message, radio advertisement, and publication on two web platforms, and modified the content of the proposed notices. (*See* Dkt. Nos. 90, 92.) Each of the notices informed class members that they could not be retaliated against for participating in this action. (*See* Dkt. Nos. 75-1 at 2, 75-2 at 2, 91 at 1.) Plaintiffs provided notice to the class members in accordance with the Court's orders. (Dkt. Nos. 111 at 2, 112 at 2.)

ORDER
C18-0112-JCC
PAGE - 1

The deadline for class members to opt out of the lawsuit passed on March 29, 2019. (Dkt. No. 111 at 1.) 85 class members located in the area served by Defendant CSI Visa Processing S.C.'s ("CSI") Celaya, Guanajuato office in Mexico opted out of the lawsuit, which comprised 93 percent of the total opt-outs received. (*Id*.) Plaintiffs assert that, "When class members stated a reason for opting out, the predominant reason stated was that they were concerned about compromising their ability to retain or get H-2A work in the United States in 2019 and in the future." (Dkt. No. 112 at 3.) Plaintiff's counsel notified Defendant CSI's counsel about the high rate of opt-outs in the Celaya area. (Dkt. No. 114 at 1–2.) Defendant CSI reported that its Celaya office staff had been reinstructed to not retaliate against class members, and that "there had been a rumor spread in the CSI Celaya office by a class member (not a CSI employee) that upon legal advice from a Mexican attorney, there was no need to participate in the class action." (*Id*.)[1]

Plaintiffs request an additional 45 days "to contact class members who opted out from [the Celaya] region to attempt to allay any fears about retaliation." (Dkt. No. 111 at 4.) Plaintiffs also state that Defendant CSI would have an opportunity to have its Celaya staff communicate with class members seeking H-2A work in the United States that they will not be retaliated against, and also to "implement a system so workers and Plaintiffs' counsel can track whether workers are obtaining H-2A jobs on a non-discriminatory basis." (*Id*.)

---

[1] Counsel for Defendant CSI learned that a class member, Miguel Angel Gordillo Martinez, spoke with an attorney in Mexico. (Dkt. No. 118 at 1; *see* Dkt. No. 119-1) (declaration of Gordillo Martinez). Gordillo Martinez did not want to participate in the lawsuit because he "felt that the lawsuit did not apply to [him] because [he] never had a negative experience with" Defendants. (Dkt. No. 119-1 at 1.) Gordillo Martinez also declared that he was informed by a Mexican attorney "that class actions can take a long time and that a reward in such lawsuits is not guaranteed, [but] my final decision to opt out was completely voluntary." (*Id*. at 2.) Plaintiffs' counsel contacted Gordillo Martinez after he opted out, and he informed them that he was comfortable with his decision to opt out and none of Defendant CSI's Celaya office staff had threatened to retaliate against class members. (*Id*.)

Plaintiffs' counsel later contacted Gordillo Martinez to ask for the name of the Mexican attorney. (Dkt. No. 126 at 2–3.) Gordillo Martinez sated that he did not speak with a Mexican attorney, but rather "a friend of a friend, who was, Mr. Gordillo believed, studying law, however, Mr. Gordillo could not recall this person's name." (*Id*. at 3.)

1    Plaintiffs have not set forth a legal basis for their request of an extension of the opt-out

2    window. (*See* Dkt. Nos. 111, 125.) The class notices approved by the Court expressly informed

3    class members that they could not be retaliated against for participating in the lawsuit. (*See* Dkt.

4    Nos. 75-1 at 2, 75-2 at 2, 91 at 1.) Defendant CSI states in a declaration that it has not retaliated

5    against anyone for participating in the lawsuit, and Plaintiffs have not provided evidence to the

6    contrary. (*See* Dkt. Nos. 117 at 1–2, 125.) Even if a class member started a rumor that

7    misinformed others about the effect of their participation in this lawsuit, such conduct does not

8    warrant Plaintiffs' requested relief because the class notice unequivocally stated that class

9    members are protected from retaliation. Therefore, Plaintiffs' request for additional time to

10   evaluate opt-outs (Dkt. No. 111) is DENIED.

11   DATED this 20th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE