THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals an on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC, *et al.*,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on the Washington State Department of Labor & Industries' ("L&I") motion to file an *amicus* brief in support of Plaintiffs' request to certify a question to the Washington Supreme Court (Dkt. No. 137). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

On June 13, 2019, the Court granted in part and denied in part Plaintiffs' motion for partial summary judgment on their claims arising under the Farm Labor Contractors Act ("FLCA"), Wash. Rev. Code § 19.30.010 *et seq*. (*See* Dkt. No. 134). The Court dismissed Plaintiffs' claims as to "class members who were initially sent to California pursuant to a contract between CSI and Defendant Munger Bros. or Crowne Cold Storage and later transferred

by Growers to Washington, and for whose transfer CSI did not receive an additional fee." (*Id.* at 14.) Plaintiffs have filed a motion seeking reconsideration of the Court's dismissal of these claims or, in the alternative, to certify the following question to the Washington Supreme Court: "whether a farm labor contractor subject to FLCA includes an entity that receives a flat fee to simultaneously recruit and supply agricultural workers to work in one state before beginning work in Washington state?" (Dkt. No. 135.) L&I moves to file an *amicus* brief in support of Plaintiffs' request to certify the above question to the Washington Supreme Court. (Dkt. No. 137; *see* Dkt. No. 137-1.)

## II. DISCUSSION

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). "[T]he classic role of amicus curiae [includes] assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). District courts frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, slip op. at 1 (W.D. Wash. 2013) (internal quotation omitted) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

The Court finds that L&I's participation would be useful in resolving Plaintiffs' pending motion for reconsideration or, in the alternative, to certify a question to the Washington Supreme Court. L&I is charged with administering and enforcing laws governing employment standards in Washington, including the FLCA. *See* Wash. Rev. Code § 43.22.270(4); *see also* Wash. Rev. Code §§ 19.30.130, 19.30.160. The issues presented may have ramifications beyond the current parties as to the enforcement of the FLCA in Washington, making L&I's input appropriate.

### III. CONCLUSION

For the foregoing reasons, L&I's motion to file an *amicus* brief (Dkt. No. 137) is GRANTED. L&I shall file its *amicus* brief no later than August 2, 2019.

DATED this 30th day of July 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE