THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC, *et al.*,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for reconsideration or, in the alternative, to certify a question to the Washington Supreme Court pursuant to Wash. Rev. Code § 2.60.020 (Dkt. No. 135). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On February 15, 2019, Plaintiffs moved for partial summary judgment on their claims arising under the Washington Farm Labor Contractors Act ("FLCA"), Wash. Rev. Code § 19.30.010 *et seq*. (Dkt. No. 84.) On June 13, 2019, the Court granted in part and denied in part Plaintiffs' motion. (Dkt. No. 134.) The Court granted Plaintiffs' motion as to class members who were "sent directly to Washington to work for Defendant Sarbanand Farms pursuant to a contract

between Defendant Sarbanand Farms and CSI, and for whom CSI received a fee." (*Id*. at 14.) The Court denied Plaintiffs' motion and dismissed their claims "as to CSI and Growers' liability under the FLCA for class members who were initially sent to California pursuant to a contract between CSI and Defendant Munger Bros. or Crowne Cold Storage and later transferred by Growers to Washington, and for whose transfer CSI did not receive an additional fee." (*Id*.)

Plaintiffs move for reconsideration of the Court's dismissal of their FLCA claims as to class members initially sent to California before being transferred to Washington. (Dkt. No. 135 at 2, 4–6.) In the alternative, Plaintiffs request that the Court certify a question to the Washington Supreme Court pursuant to Wash. Rev. Code § 2.60.020. (*Id*. at 6–7.)[1]

## II. DISCUSSION

### A. Motion to Reconsider

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Plaintiffs assert that the Court committed manifest error when it dismissed their FLCA claims as to class members who were initially sent to California and for whose later transfer CSI did not receive an additional fee. (Dkt. No. 135 at 2, 4–6.) Plaintiffs argue that the Court did not construe evidence in Plaintiffs' favor as required by Federal Rule of Civil Procedure 56 or that a genuine factual dispute exists that precludes dismissal of Plaintiffs' claims. (*See id*.) Plaintiffs'

---

[1] Plaintiffs ask the Court to certify the following question: "whether a farm labor contractor subject to FLCA includes an entity that receives a flat fee to simultaneously recruit and supply agricultural workers to work in one state before beginning work in Washington state?" (Dkt. No. 135 at 2, 7.)

argument asks the Court to revisit the evidence it considered in ruling on their motion for partial summary judgment but arrive at a different conclusion. Plaintiffs' argument is insufficient to warrant reconsideration of the Court's decision, and Plaintiffs have not otherwise identified a manifest error in the Court's ruling meriting reconsideration. *See Premier Harvest*, Case No. C17-0784-JCC, Dkt. No. 61 at 1; W.D. Wash. Local Civ. R. 7(h)(1). Therefore, Plaintiffs' motion for reconsideration is DENIED.

### B. Motion to Certify Question

Federal courts in Washington may certify questions to the Washington Supreme Court:

> When in the opinion of [the] court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code § 2.60.020. "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)). Certification is within the Court's discretion. *See Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995).

Plaintiffs assert that the Court's dismissal of Plaintiffs' claims "involves an unsettled question of Washington law that is determinative of many of the FLCA liability matters before this Court" and "is a matter of significant public policy," and thus certification of a question to the Washington Supreme Court is merited. (Dkt. No. 135 at 6–7.) But Plaintiffs' argument contradicts their election to litigate the issue via their motion for partial summary judgment rather than moving to certify the question when it first arose. Plaintiffs have only brought their motion to certify the question after receiving an adverse decision from the Court and have not overcome the presumption against such *post hoc* requests for certification. *See Thompson*, 547 F.3d at 1065. Therefore, Plaintiffs' motion to certify a question to the Washington Supreme

Court is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration or, in the alternative, to certify a question to the Washington Supreme Court (Dkt. No. 135) is DENIED.

DATED this 1st day of August 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE