UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC et al.,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to compel Defendants Sarbanand Farms, LLC and Munger Bros., LLC (collectively, "Growers") to respond to Plaintiffs' interrogatories and requests for production and to strike Growers' objections as untimely (Dkt. No. 146). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.  BACKGROUND

The Court set forth the underlying facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 74.) On April 26, 2019, Plaintiffs served interrogatories and requests for production on Growers by mail. (Dkt. No. 147 at 2.) Plaintiffs sought discovery pertaining to Growers' use of the H-2A visa program since 2013. (*Id.*) Growers' responses were

1  due on May 31, 2019. (*Id.*; *see* Dkt. No. 147-1 at 2.) Growers did not respond to Plaintiffs'
2  discovery requests on May 31, 2019. Instead, on June 24, 2019, Growers objected to all
3  Plaintiffs' discovery requests and did not provide responsive documents. (Dkt. No. 147 at 2.)

Following numerous attempts by Plaintiffs to obtain the discovery and to set up a conference pursuant to Federal Rule of Civil Procedure 26(f), the parties participated in a telephonic conference on July 15, 2019. (*Id.* at 3.) During the conference, the parties discussed Plaintiffs' request for discovery concerning a United States Department of Labor ("DOL") investigation that resulted in Growers being debarred from using the H-2A visa program for three years, beginning on March 17, 2019. (*Id.*; Dkt. No. 147-3 at 3–5.) On July 26, 2019, following several additional exchanges between the parties, Growers provided discovery responses. (Dkt. No. 147 at 4–5.) Plaintiffs assert that many of the documents produced should have been produced in response to the Court's prior order compelling Growers to provide discovery. (*See* Dkt. No. 146 at 3; *see also* Dkt. No. 65.)

Plaintiffs filed the instant motion to compel on July 30, 2019 after conferring with Growers in good faith. (*See* Dkt. No. 147.) Growers subsequently produced substantial responsive discovery. (*See* Dkt. Nos. 152 at 2–7, 153 at 2–3, 154 at 1–2.) Growers assert that their productions have mooted Plaintiffs' motion to compel. (*See* Dkt. No. 153 at 1, 8–9.) Plaintiffs contend that the motion is not moot because some responsive discovery remains outstanding and Growers have not justified their failure to timely object to Plaintiffs' discovery requests. (*See generally* Dkt. No. 154.)

## II. DISCUSSION

### A. Request to Strike Objections

A party served with interrogatories or requests for production must file answers or objections within 30 days of being served. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473

(9th Cir. 1992); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged.").

On April 26, 2019, Plaintiffs served Growers with interrogatories and requests for production by mail. (*See* Dkt. No. 147 at 2.) The parties agree that because 30 days from the date of service fell on May 27, 2019, Memorial Day, Growers' responses were due on May 31, 2019. *See* Fed. R. Civ. P. 6(d); (Dkt. Nos. 147 at 2, 147-1 at 2.) Growers did not substantively respond to Plaintiffs' discovery requests on May 31, 2019. Instead, on June 24, 2019, Growers objected to each of Plaintiffs' discovery requests and did not provide any responsive documents. (*See* Dkt. Nos. 147 at 2, 147-2 at 2–12.) Growers' objections were plainly filed beyond the deadline mandated by the Federal Rules of Civil Procedure. Growers did not move for an extension of time and have not shown good cause for their untimely response to Plaintiffs' requests for production. (*See* Dkt. No. 152 at 7–8.)[1] Therefore, Growers waived their objections to Plaintiffs' April 26, 2019 discovery requests, *see Richmark Corp*, 959 F.2d at 1473, and Plaintiffs' request to strike Growers' objections as untimely is GRANTED. Growers shall be required to fully answer Plaintiffs' April 26, 2019 discovery requests to the extent they did not do so because of their initial objections.

### B. Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although the Court strongly disfavors discovery motions, if the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to issue an order to compel. *Phillips ex rel. Estates of Byrd v.*

---

[1] Notably, Growers assert that "[d]espite these objections, Defendants have responded to every discovery request made by Plaintiffs." (Dkt. No. 152 at 8.)

*General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017).

In their reply brief, Plaintiffs have identified two specific categories of their discovery requests that remain outstanding despite Growers' recent productions of responsive documents.[2] First, Plaintiffs state that discovery related to Growers' use of farm labor contractors remains incomplete. (Dkt. No. 154 at 3.) Specifically, Plaintiffs served Growers with an interrogatory and a request for production which together seek information related to Growers' use of contractors to recruit or supply farm workers from 2013 to 2017, those contractors' contact information, and communications and documents exchanged between Growers and those contractors. (*Id.*) Plaintiffs acknowledge that Growers have continually supplemented their responses to these requests. (*Id.*; Dkt. No. 155 at 2.) But Plaintiffs assert that Growers have failed to provide complete contact information for newly-identified contractors, that Growers have failed to provide all relevant communications, and that Growers' produced discovery contains redactions and many blank pages. (Dkt. Nos. 154 at 3–4, 155 at 2.) The record does not disclose Growers' rationale for not providing certain information or redacting discovery and, as discussed above, Growers have waived any objections to Plaintiffs' April 26, 2019 discovery requests. (*See supra* Section II.A.) Therefore, Plaintiffs' motion to compel is GRANTED on this ground. Growers are ORDERED to produce all discovery responsive to Plaintiffs' Interrogatory Number 4 and Request for Production Number 29 within 14 days of the date this order is issued.

Second, Plaintiffs assert that discovery related to Growers' alleged imposition of unlawful production standards remains outstanding. (Dkt. No. 154 at 4.) Specifically, Plaintiffs seek communications and documents related to Growers' imposition and tracking of quotas or

---

[2] As Plaintiffs have not specifically identified how Growers' responses to Plaintiffs' other discovery requests remain deficient, the Court will address only the discovery requests identified in Plaintiffs' reply brief. (*See generally* Dkt. No. 154.)

ORDER
C18-0112-JCC
PAGE - 4

productivity requirements during Defendant Sarbanand Farms' blueberry harvest from 2013 to 2016. (*Id*.) The parties seem to agree that Growers' production of responsive documents remains incomplete, although they dispute the underlying cause. (*See* Dkt. Nos. 152 at 5, 154 at 4.) Regardless, Plaintiffs' motion to compel is GRANTED on this ground. Growers are ORDERED to produce all discovery responsive to Plaintiffs' Request for Production Number 33 within 14 days of the date this order is issued.

Plaintiffs also note that Growers have provided discovery responsive to Plaintiffs' requests for discovery related to DOL's investigation into and debarment of Growers from the H-2A visa program. (Dkt. No. 154 at 4–5.) Plaintiffs have served DOL with a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and are expecting a response by early October. (*Id*. at 5.) In light of Growers' disclosure and Plaintiffs' pending FOIA request, Plaintiffs' motion to compel is DENIED on this ground. Plaintiffs may file a renewed motion to compel on this ground if necessary, after meeting and conferring in good faith with Growers.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel and to strike objections as untimely (Dkt. No. 146) is GRANTED in part and DENIED in part. Growers are ORDERED to produce all discovery responsive to Plaintiffs' Interrogatory Number 4, Request for production Number 29, and Request for Production Number 33 within 14 days of the date this order is issued.

DATED this 20th day of September 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE