Tony Gonzalez
Lori Jordan Isley
Joachim Morrison
Andrea Schmitt
Bonnie A. Linville
COLUMBIA LEGAL SERVICES
300 Okanogan Ave., Suite 2A
Wenatchee, WA 98801
(509) 662-9681

The Honorable John C. Coughenour

Adam Berger
Lindsay Halm
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC., NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>                              Defendants. | CLASS ACTION<br><br>Civil Action No. 2:18-CV-0112-JCC<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>NOTED FOR CONSIDERATION: December 23, 2019 |

## I.  INTRODUCTION AND RELIEF REQUESTED

The parties have reached an arms-length settlement and seek preliminary approval from this Court pursuant to Federal Rule of Civil Procedure 23(e). Defendants' counsel have reviewed this motion and confirm that the Defendants do not oppose.

## II.  PROCEDURAL BACKGROUND & TERMS OF SETTLEMENT

The procedural background is well known to the Court, is set forth in detail in the attached proposed Settlement Agreement and will not be repeated here. Settlement Agreement ¶¶ 1-14. However, it is important to note that this Settlement was reached only after two full-day

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 1

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

1   mediations, with the assistance of a highly skilled and respected mediator, and months of

2   intervening negotiations and continuing litigation. The following summarizes the Settlement

3   Agreement's salient terms.

4   **A. Summary of Settlement Terms.**

5       In consideration for settlement and a release of all of the Class claims according to the

6   terms included in the Settlement Agreement, Defendants agree to create a settlement fund

7   totaling $3,750,000 to be distributed as detailed below. *Settlement Agreement* ¶ 19 (a-d). Under

8   the Settlement Agreement, the Parties propose that nearly 80% of those funds, or $2,962,500, be

9   distributed to class members and the remaining funds be allocated for statutory attorney fees and

10  costs.

11      1.   Proposed Class and Subclass Payments.

12      The Court certified a 2017 Blueberry Harvester Class[1] and a Wrongful Termination

13  Subclass. Dkt. No. 74 at 26-27. Of the $2,962,500 earmarked for class members, the Parties

14  propose that $2,287,500 be allocated equally amongst all 519 members of the 2017 Blueberry

15  Harvester Class who make a valid claim.[2] Those monies would compensate them for all claims

16  certified by the Court. *Settlement Agreement* ¶ 19(a). The Parties also request that the Court

17  award a service award of $10,000 for each class representative out of these funds. *Id.*

18

19

20  [1] This Court also certified a "2017 Blueberry Harvester Class-Defendant Perez Subclass" in light of Plaintiffs'
    assertion of identical FLCA claims against Defendants Nidia Perez and CSI. Dkt. No. 74 at 8-9, 27. The proposed

21  Settlement resolves all FLCA statutory damage claims on behalf of all 519 Class Members on an equal basis
    regardless of whether they were recruited by Defendant Perez or Defendant CSI. Therefore, there is no need to

22  allocate separate FLCA damage awards to the Defendant Perez Subclass as all Class Members will be compensated
    for those damages in the proposed award to the 2017 Blueberry Harvester Class.

23  [2] A total of 91 class members filed opt-out forms during the class notification period and will not be eligible to make
    claims under the Settlement. Dkt. No. 111 at 1.

PLAINTIFF'S UNOPPOSED MOTION FOR                    Columbia Legal Services
PRELIMINARY APPROVAL OF CLASS ACTION                300 Okanogan Avenue, Suite 2A
SETTLEMENT- 2                                            Wenatchee, WA 98801
                                                          (509) 662-9681

1      For the Wrongful Termination Subclass, the Parties propose that $675,000 be divided

2  equally among all 65 members who make a valid claim. Those monies would compensate the

3  Subclass Members for all claims certified by the Court. *Id.* ¶ 19(c).

4      There shall not be any reversion of funds to the Defendants. *Id.* ¶ 19(f). Defendants may

5  object to a claim submitted by an individual not on the Class Member list according to the terms

6  of the Settlement Agreement. *Id.* ¶ 24.

7      2.    <u>Attorney Fees and Costs.</u>

8      Defendants will not object to, and agree to pay, Plaintiffs' fee petition seeking Court

9  approval for $787,500 to Class Counsel for attorneys' fees and costs pursuant to the fee-shifting

10  statutes applicable to Plaintiffs' claims: 18 U.S.C. §1595(a), RCW 49.60.030(2), and RCW

11  19.30.170(1). This payment represents 21% of the total settlement fund and will compensate and

12  reimburse Plaintiffs' counsel for work already performed and for all work remaining to be

13  performed to document the settlement, secure Court approval of the settlement, and ensure that

14  the settlement is fairly administered and implemented. *Morrison Decl.* ¶ 15. To the extent the

15  Court approves a fee and cost award of less than $785,500, the amount paid to Class Counsel as

16  fees and costs will be the amount approved by the Court and any remainder shall be added to the

17  sum for distribution to the Class Members. Plaintiffs have filed a fee petition along with this

18  motion, which will be available for review by class members who wish to comment on the

19  proposed fee award.

20      3.    <u>Additional Terms.</u>

21      Defendant CSI Visa Processing further agrees to the following injunctive relief to ensure

22  future compliance with the rights of Class Members and other H-2A farm workers seeking

23  employment in the United States. *Settlement Agreement* ¶ 20(a-d). CSI's president has agreed to

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 3

write a letter that can be distributed to class members stating there will be no adverse consequences from their participation in the lawsuit, explaining the current process for applying for work, and setting up an alternative dispute process to ensure class members who believe they have been unfairly denied employment through CSI in 2020. *Id.* CSI has further agreed to provide a report to Columbia Legal Services no later than August 31, 2020 of all positions offered to and accepted by each worker. *Id.* at ¶ 19(e). The Court shall have the ability to provide additional relief should CSI fail to comply with these obligations, including, but not limited to, statutory damages to any worker who did not receive an offer of H-2A employment in 2020. *Id.* at ¶ 21.

### B.  Administration of Settlement and Notice

Class Counsel, Columbia Legal Services, will issue notice, administer the claims process, and process payment to Class Members who make a valid claim. *Settlement Agreement* ¶ 23(a). Any Class Member who wishes to object to the Settlement will have the right to file a written statement with the Court and appear at the final fairness hearing. *Settlement Agreement* ¶ 24.

Plaintiffs will issue a Spanish language notice directly to Settlement Class Members by WhatsApp or electronic mail that informs members of the Settlement Agreement and their rights under it. Settlement Agreement ¶ 23(a); see Exhibits 1 and 2 (English version of Class Notice and text/WhatsApp notice). Class members will be allowed to submit a valid claim by responding affirmatively to the above messages by text message, WhatsApp, or phone call. *Id.*

### III. Argument and Authority

### A.  Standard for Preliminary Review of Class Action Settlement.

Federal Rule of Civil Procedure 23(e) requires the district court to approve any settlement of a certified class before such a settlement becomes final. Fed. R. Civ. P. 23(e). Approval under

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 4

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

Rule 23(e) involves a two-step process in which the Court first determines whether a proposed

class action settlement deserves preliminary approval and then, after notice is given to class

members, whether final approval is warranted.

Where the class has already been certified, preliminary approval requires the court to

ratify the fairness of the settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In

making this determination, the "court must carefully consider whether a proposed settlement is

fundamentally fair, adequate, and reasonable, recognizing that it is the settlement taken as a

whole, rather than the individual component parts, that must be examined for overall fairness."

*Id.* (internal quotation marks and alterations omitted).

**B. The Criteria for Settlement Approval Are Satisfied in this Case.**

To assess the fairness of settlement, the court looks to the following eight factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely
> duration of further litigation; (3) the risk of maintaining class action status
> throughout the trial; (4) the amount offered in settlement; (5) the extent of
> discovery completed and the stage of the proceedings; (6) the experience and
> view of counsel; (7) the presence of a governmental participant; and (8) the
> reaction of the class members of the proposed settlement.

*In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting

*Churchill Village, L.L.C., v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). In addition, "the

settlement may not be the product of collusion among the negotiating parties." *Churchill Village*,

361 F.3d at 576.

1. The Strength of Plaintiffs' Case.

Plaintiffs submit that their claims are strong. This Court certified the claims as a Rule

23(b)(3) class action, denied Defendant Perez's motion to dismiss, and awarded Plaintiffs

summary judgment with respect to three FLCA claims for class members sent directly to

Washington from Mexico. *See generally*, Dkt. Nos. 74, 34, and 134. Legal and factual disputes

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 5

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

1 related to the merits of Plaintiffs' TVPA, WLAD, contract, and remaining FLCA claims would

2 be resolved at trial. Defendants posited legal and factual defenses to all of Plaintiffs' claims.

3    2.   Risk and Expense of Continued Litigation.

4    A jury trial was set to begin April 20, 2020. Dkt. No. 115 at 1. All parties recognize there

5 is substantial risk during any jury trial, along with significant expense to prepare for and litigate

6 such a trial. The parties also recognize that even with a favorable jury verdict, there is also

7 potential for a lengthy appeal process.

8    3.   Risk of Maintaining Class Action Status throughout Trial.

9    Plaintiffs are confident they could maintain class action status through trial and appeal for

10 all of their claims. However, as this Court noted in its June 13, 2019 Order, the Defendants could

11 have moved to decertify Plaintiffs' 2017 Blueberry Harvester Class based on the partial

12 summary judgment ruling. Dkt. No. 134 at 13-14, Fn. 4.

13    4.   Amount Offered in Settlement.

14    Defendants have agreed to pay Class Members an aggregate of $3,750,000. Of that

15 amount, the Parties propose that $2,962,500 will be allocated to pay individual settlement awards

16 to the Class Members for all claims, and that the Court approve $787,500 for past and future

17 attorney fees and costs. This represents a recovery of a significant percentage of the damages that

18 would be sought at trial.

19    The 2017 Blueberry Harvester Class Members have FLCA, TVPA, and WLAD claims

20 along with companion contract claims. Meanwhile, the Wrongful Termination subclass have

21 additional claims for Growers' alleged wrongful termination and unlawful eviction. There are

22 519 class members in the 2017 Blueberry Harvester Class, and 65 members of the Wrongful

23 Termination subclass. *See Settlement Agreement* ¶ 10, Exhibit A (Class List).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 6

1    Turning first to the 2017 Blueberry Harvester Class claims, Plaintiffs sought statutory

2    damages for the class under FLCA. Dkt. No. 1 at 84. Per the statute, damages of $500 per

3    person, per violation are required if violations are found. *See* Wash. Rev. Code §19.30.170(2);

4    *Perez-Farias v. Glob. Horizons, Inc.*, 286 P.3d 46, 52 (Wash. 2012).

5    For Class Members' TVPA, WLAD and contract claims, Plaintiffs sought actual and

6    punitive damages. To this end, Plaintiffs hired two experts to calculate actual damages, including

7    economic damages and others. Those experts would testify that Plaintiffs' economic damages

8    were at least $1,150,000. In addition, at trial we would ask the jury to award significant non-

9    economic damages for each of the 519 class members.

10    As to the Wrongful Termination Subclass, Plaintiffs sought lost wages owed to the

11    subclass, and damages for wrongfully evicting them from housing. In total, the class lost

12    approximately $320,000 in wages, plus non-economic damages in an amount to be determined

13    by the jury at trial.

14    Plaintiffs estimate that total damage awards at trial could range between $3-6 million

15    depending on many variable factors. Thus, the proposed settlement amount falls well within the

16    range of reasonableness.

17    5. Extent of Discovery Completed and the Stage of the Proceeding.

18    Substantial discovery occurred in this case and the discovery deadline was less than two

19    months away at the time the settlement was negotiated. The Court has ruled on several motions,

20    and Plaintiffs took nine depositions of key Munger and Sarbanand witnesses involving two trips

21    to Fresno, California and one to Portland, Oregon, as well as depositions in Seattle and

22    Bellingham. One of the depositions was of Defendant Nidia Perez and another was of Robert

23    Hawk, Munger's president. Currently, trial is approximately five months away. The Court has

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 7

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

1    had the ability to review the evidence and make some initial and substantive judgments about the

2    strength of the Plaintiffs' case. More importantly, the Parties negotiated this settlement with full

3    knowledge of the facts in the case and with substantial information about the strengths and

4    weaknesses of their legal positions including rulings in this and other FLCA cases by this Court,

5    the Ninth Circuit, and Washington's State Supreme Court.

6        6.   Experience and Views of Counsel.

7        All counsel involved in this litigation have substantial class action experience as well as

8    deep backgrounds in agricultural labor and wage and hour law. Counsel from all firms were

9    present during both mediation sessions and all counsel support this settlement as fair and

10   reasonable. Due to the nature of this case, the class representatives were not able participate in-

11   person but were available and involved via phone during both mediations.

12       In terms of the proposed service, or incentive awards, Plaintiffs' counsel has significant

13   experience with farm workers and the courage it takes to assume such a significant role with

14   widespread fear of retaliation in future employment. Courts have discretion to award class action

15   incentive payments to compensate a class representative for work performed on behalf of the

16   class and for initiating the action. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958

17   (9th Cir. 2009). In determining whether to award an incentive payment, courts consider the

18   actions undertaken by the class representative to protect class interests, the resulting benefit to

19   the class, the time and effort spent to pursue the action, and the reasonable apprehension of

20   retaliation. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (citation omitted) (citing

21   cases approving incentive awards between $2,000-$10,000); *see also Perez-Farias.*, No. CV-05-

22   3061-RHW, 2014 WL 1399420, at *1 (finding $7,500 incentive payment to domestic farm

23   worker class representatives appropriate).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 8

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

1    Both class representatives merit a significant service award; they risked direct retaliation

2  for asserting their rights on behalf of the entire class and continue to fear retaliation and

3  blacklisting in the H-2A hiring process. Both gave full-day depositions in Guadalajara, Mexico

4  that required them to travel over 4 hours by bus one-way from their homes, as well as miss work

5  days before and after the depositions due to travel. They participated in both mediations, being

6  available by phone, and spent countless hours assisting counsel with the investigation, gathering

7  declarations, arranging and holding meetings in remote areas of Mexico, and regularly being

8  available for consultations to make case strategy decisions. Subject to approval by the Court,

9  $10,000 will be set aside for each. *Settlement Agreement* ¶ 19(b).

10    7.  <u>Presence of a Government Participant.</u>

11    No government entities are involved in this lawsuit, nor has the government participated

12  in any settlement negotiations.

13    8.  <u>The Reaction of the Class Members to the Proposed Settlement.</u>

14    Both class representatives were present via phone at the mediation and support the

15  settlement proposal. The Court will be better able to evaluate this prong after notice is provided

16  to all Class Members.

17                                  **IV. CONCLUSION**

18    For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant

19  preliminary approval of the settlement; (2) approve the proposed notice plan; (3) appoint

20  Columbia Legal Services as Settlement Administrator; and (4) schedule the final fairness hearing

21  at the Court's convenience but no earlier than April 20, 2020 to allow for claims and objections

22  to be made by March 31, 2020 and for Plaintiffs' counsel to prepare and file a final report and

23  motion.

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

1  DATED this 23rd day of December, 2019.

2  By: s/ Joachim Morrison                  By: s/ Lori Jordan Isley
   By: s/ Tony Gonzalez                  By: s/ Bonnie A. Linville
3       Joachim Morrison, WSBA# 23094        Lori Jordan Isley, WSBA #21724
        Tony Gonzalez, WSBA #47771           Bonnie A. Linville, WSBA #49361
4       COLUMBIA LEGAL SERVICES       COLUMBIA LEGAL SERVICES
        300 Okanogan Avenue, Suite 2A      6 South Second Street, Suite 600
5       Wenatchee, WA 98801              Yakima, WA 98901
        (509) 662-9681                   (509) 575-5593
6       Email: joe.morrison@columbialegal.org    Email: lori.isley@columbialegal.org
               tony.gonzalez@columbialegal.org         bonnie.linville@columbialegal.org
7       *Attorneys for Plaintiffs*              *Attorneys for Plaintiffs*

8  By: s/ Adam Berger                  By: s/ Andrea Schmitt
   By: s/ Lindsay Halm                      Andrea Schmitt, WSBA #39759
9       Adam Berger, WSBA# 20714         COLUMBIA LEGAL SERVICES
        Lindsay Halm, WSBA# 37141         711 Capitol Way South, Suite 706
10      SCHROETER GOLDMARK & BENDER   Olympia, Washington 98501
        810 Third Avenue, Suite 500        (360) 943-6260
11      Seattle, Washington 98104         Email: andrea.schmitt@columbialegal.org
        (206) 622-8000                  *Attorneys for Plaintiffs*
12      Email: berger@sgb-law.com
               halm@sgb-law.com
13      *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 10

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2019, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following:

| | |
|---|---|
| Derek Bishop | dbishop@grsm.com; akendrick@grsm.com; cjacobs@grsm.com; kahansen@grsm.com |
| Christopher E. Hawk | chawk@grsm.com; abakane@grsm.com; camorris@grsm.com |
| Adam S. Belzberg | adam.belzberg@stoel.com; dldern@stoel.com; shelley.sasse@stoel.com |
| Christopher T. Wall | christopher.wall@stoel.com; debbie.dern@stoel.com; sandra.watanabe@stoel.com |
| Ryan R. Jones | ryan.jones@stoel.com; eileen.mccarty@stoel.com |
| Adam J. Berger | berger@sgb-law.com; cronan@sb-law.com; molina@sgb-law.com; oneil@sgb-law.com; whalen@sgb-law.com |
| Lindsay Halm | halm@sgb-law.com; garfinkel@sgb-law.com |
| Tony Gonzalez | tony.gonzalez@columbialegal.org; rachael.pashkowski@columbialegal.org |
| Andrea Schmitt | Andrea.schmitt@columbialegal.org; rachael.pashkowski@columbialegal.org |
| Lori Isley | lori.isley@columbialegal.org; cheli.bueno@columbialegal.org |
| Joachim Morrison | joe.morrison@columbialegal.org; rachael.pashkowski@columbialegal.org |
| Bonnie A. Linville | bonnie.linville@columbialegal.org |

And I hereby certify that I have mailed by United States Postal Service the document to

the following non-CM/ECF participants: None.

Rachael Pashkowski

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT- 11