Tony Gonzalez
Lori Jordan Isley
Joachim Morrison
Andrea Schmitt
Bonnie Linville
COLUMBIA LEGAL SERVICES
300 Okanogan Ave., Suite 2A
Wenatchee, WA 98801
(509) 662-9681

Adam Berger
Lindsay Halm
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>                    Plaintiffs,<br>         vs.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC., NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>                    Defendants. | CLASS ACTION<br><br>Civil Action No. 2:18-CV-0112-JCC<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and the proposed Settlement Agreement itself. Because the parties have proposed a settlement that was produced through non-collusive negotiations, lacks deficiencies, is reasonable, and treats all members of the class, the subclass, and the class representatives fairly, the Court grants preliminary approval.

**PRELIMINARY APPROVAL OF SETTLEMENT**

1. To protect the interests of all class members, Federal Rule of Civil Procedure 23(e) requires the Court to review the parties' proposed settlement agreement and approve it.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT -1

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
(509) 662-9681

1. "The Court considers the settlement as a whole, rather than its components, and lacks the authority to delete, modify or substitute certain provisions." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Rather, "[t]he settlement must stand or fall in its entirety." *Id.*

2. At this stage of the proceedings, the Court must initially consider whether to grant preliminary approval of the settlement as a first step toward final approval. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

3. In granting preliminary approval, the Court considers whether the Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; does not grant preferential treatment to class representatives; and falls within the range of possible approval. *Harris v. Vector Mktg. Corp.*, No. 08–cv–05198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).

4. The Court finds that the Settlement Agreement was the result of informed, non-collusive, protracted, and arm's length negotiations between competent counsel and assisted by Judge Paris K. Kallas. The parties engaged in two separate and lengthy negotiation sessions with Judge Kallas, and the Court concludes that the parties engaged in good faith efforts to resolve the case in the best interest of their clients. *Satchell v. Fed. Exp. Corp.*, No. C 03–2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr.13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Further, the extensive briefing on substantive and procedural issues, as well as this Court's orders, helped insure the parties' decisions were well-informed and based on a solid legal framework. Thus, the parties were capable of arriving at a fair settlement agreement.

5. The parties have proposed creating a total fund of $3,750,000 with $2,962,500 set aside to compensate class members for all claims. Class members are eligible for a minimum payment of over $4,300 if all eligible 519 class members file claims, and subclass members would receive another minimum payment of over $10,384 if all eligible 65 subclass members file claims. If all class and subclass members do not file claims, their shares will be divided equally amongst those who do file claims.

6. Given that the total settlement fund is well within the range of estimated damages the Plaintiffs would have sought at trial (between $2-6 million), these financial amounts strike the Court as within the range of reasonableness. Thus, class members are treated fairly within this settlement, with subclass members receiving an additional sum in compensation for additional alleged harm. There is no obvious deficiency in this proposed payment system.

7. Named Plaintiffs and class representatives Barbaro Rosas and Guadalupe Tapia would be paid $10,000 each for their services as class representatives. Service awards to named plaintiffs do not render a settlement unfair or unreasonable. *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). So long as named Plaintiffs are otherwise compensated in a manner identical to other class members, this consideration passes muster.

8. Defendant CSI has also agreed to injunctive relief to ensure transparency in the recruitment and hiring process for class members seeking employment in the United States in 2020. That injunctive relief contains an alternative dispute resolution process to quickly address problems as well as a mechanism to mediate disputes through this Court that includes the possibility of additional relief, including, but not limited to, statutory damages.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT -3

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA  98801
(509) 662-9681

9. The Strength of Plaintiffs' case: Plaintiffs' case was sufficiently strong to justify a valuable settlement. Rulings on class certification and partial summary judgment, in part, on three of the five FLCA claims indicate that Plaintiffs' claims were plausibly meritorious.

10. The Risk, Expense, Complexity, and Likely Duration of Further Litigation: A multi-week jury trial representing the interests of over five hundred class members epitomizes the risk and complexity of litigation. Given the many motions filed along with the Plaintiffs' motion for reconsideration, the Court concludes that further post-trial and appellate litigation would have been likely.

11. The Risk of Maintaining Class Action Status Throughout the Trial: Given the strength of Plaintiffs' motion to certify the class, and the work that went into tailoring appropriate class definitions, it is unlikely that decertification would have occurred. However, the Court's partial summary judgment ruling on the FLCA claims left the door open for that possibility.

12. The Extent of Discovery Completed: Thousands of documents have been exchanged in discovery in this case with multiple motion to compel discovery as well as to obtain documents from third parties through the use of subpoenas. The Court concludes that the parties are sufficiently aware of the factual issues and disputes in this case, allowing them to make an informed settlement decision.

13. The Experience and Views of Counsel: The attorneys involved in this case have vigorously litigated the claims, and in their long experience in class action and labor work conclude this settlement is fair and reasonable.

14. Based on the above findings, the settlement agreement appears on its face to be fair, adequate, and reasonable. The Court hereby ENTERS the following order regarding preliminary approval of the settlement.

15. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement is GRANTED. Preliminary approval of the parties' Settlement Agreement is GRANTED, and its terms are conditionally approved, subject to final approval at the Final Approval Hearing.

16. Federal Rule of Civil Procedure 23(e) requires the Court to "direct notice in a reasonable manner to all class members" before considering whether to finally approve the parties' Settlement Agreement.

17. Rule 23(e) also requires that the Court give all Class Members an opportunity to object to the proposed settlement before the Court considers whether to finally approve the settlement.

18. The Court may only grant final approval to the parties' settlement if it finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

19. The contents of the proposed class action notices are reasonably calculated to notify class members of their rights. The proposed methods of dissemination meet the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e)(1) and are the best notice that is practicable under the circumstances.

20. The Court approves the Class Notices that the Plaintiffs attached as Exhibits 1 and 2 to their motion.

21. All notices shall be translated into Spanish.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT -5

Columbia Legal Services
300 Okanogan Avenue, Suite 2A
Wenatchee, WA  98801
(509) 662-9681

22. The Court approves the method of dissemination of the two Notices proposed by the Plaintiffs in their motion. Class counsel Columbia Legal Services (CLS) are hereby APPOINTED as the administrators of the class notification and settlement process. CLS shall issue notice, administer the claims process, and process payment to qualified claimants

23. By [insert date], Plaintiffs shall deliver a Spanish version of the Class Notice to all class members as proposed.

24. Claims by class members must be submitted on or before March 31, 2020.

25. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must send a written statement setting forth their objection(s) as set forth in Plaintiffs' motion on or before March 31, 2020.

26. Class Counsel shall file a motion for final approval of the settlement and a response to any proper objections no later than [insert date].

27. The Final Approval Hearing will be held at the United States Courthouse for the Western District of Washington in Seattle, Washington on [insert date].

Signed this _____ day of _____ 2019.

_____
THE HONORABLE JOHN C. COUGHENOUR

Presented by:

s/ Joachim Morrison
Joachim Morrison, WSBA #23094
COLUMBIA LEGAL SERVICES
300 Okanogan Ave., Ste. 2A
Wenatchee, WA  98801
(509) 662-9681
Email: joe.morrison@columbialegal.org
*Attorneys for Plaintiffs*