THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARO ROSAS and GUADALUPE TAPIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SARBANAND FARMS, LLC, MUNGER BROS., LLC., NIDIA PEREZ, and CSI VISA PROCESSING S.C.,<br><br>Defendants. | CASE NO. C18-0112-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' unopposed motion for final approval of class action settlement (Dkt. No. 164) and Plaintiffs' unopposed motion for attorney fees and costs (Dkt. No. 160).

On December 31, 2019, the Court granted preliminary approval of the class action settlement after reviewing the unopposed motion and settlement agreement of the parties. (*See* Dkt. No. 163.) Having duly considered all submissions and arguments presented, the Court FINDS as follows:

**A.     Jurisdiction**

1.     The Court has subject matter jurisdiction over the claims in this case and personal jurisdiction over the parties, including all class members, pursuant to 28 U.S.C. § 1331 and

§ 1367.

B. **Notice to Settlement Class and Opportunity to Object**

2. As demonstrated by the declaration of Rachael Pashkowski (Dkt. No. 165), Plaintiffs provided notice to the class in the manner and form approved by the order granting preliminary approval (Dkt. No. 163). The Court finds that Plaintiffs conducted additional efforts to notify class members; that these efforts were the best practicable efforts under the circumstances; and that these efforts complied fully with the order granting preliminary approval, the Federal Rules of Civil Procedure, and the constitutional requirements of due process under federal and state law.

3. The Court has determined that a full opportunity has been given to class members to be heard in opposition to the terms of the settlement agreement.

4. No class member filed any objection to the settlement by the March 31, 2020 deadline for doing so.

C. **Fairness and Adequacy of Settlement Agreement**

5. The Court has carefully considered all the papers, evidence, and arguments before it and has made its independent judgment that: (1) Plaintiffs' case was sufficiently strong to justify a valuable settlement, and rulings on class certification and summary judgment indicate that Plaintiffs' claims were plausibly meritorious; (2) a multi-week jury trial representing the interests of over five hundred class members epitomizes the risk and complexity of litigation, and further post-trial and appellate litigation would have been likely; (3) the amount offered in settlement is fair and reasonable; (4) thousands of documents have been exchanged in discovery, and the settlement negotiations were significant, including two mediations with an experienced mediator; (5) the attorneys involved have litigated the case expertly and in their long experience in class actions and labor work conclude the settlement is fair and reasonable; and (6) a majority of the class has responded by submitting claims and no class member has objected to the settlement. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

6. Having considered the foregoing, as well as the lack of any objections, the costs, risks and delays of continued litigation versus the benefits provided by the settlement, and this Court's knowledge of this action, the Court FINDS that the settlement is in the best interest of the class and is fair, reasonable, and adequate as to all class members.

**D.   Attorney Fees**

7. The Court has considered Plaintiffs' motion for attorney fees and costs and the declarations attached thereto. (*See* Dkt. Nos. 160–62.) The Court finds that the proposed award of attorney fees, costs, and service awards is reasonable, with particular emphasis on the favorable award obtained for the class, the amount of time and effort expended by Plaintiffs' counsel in this litigation, the significant reduction in fees as compared to hours and costs expended, and the lack of any objection from class members. *See In re Heritage Bond. Litig.*, 2005 WL 1594389, slip op. at 8 (collecting cases) (C.D. Cal. 2005); *In re Media Vision Techn. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal 1996); *Van Vraken v. Alt. Richfield Co.*, 901 F. Supp. 294, 299–300 (S.D. Cal. 1995).

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiffs' motion for final approval of class action settlement (Dkt. No. 164)[1] is GRANTED.

2. The terms of the settlement agreement (Dkt. No. 159) are granted final approval; are confirmed as fair, reasonable and adequate; are adopted by this Court as though fully set forth herein; and are binding on Plaintiffs, class members, and Defendants.

3. Defendants shall pay all sums listed in the settlement agreement as required by the terms and timelines set forth in that document.

4. This Court APPROVES named Plaintiffs and class representatives Barbaro Rosas

---

[1] At the telephonic final approval hearing held on June 9, 2020, counsel observed on the record that there is a typographical error in the motion for final approval regarding the agreed additional payments for the terminated subclass. (*See* Dkt. No. 164 at 3.) The settlement agreement correctly states the amount due to the terminated subclass. (*See* Dkt. No. 159 at 6.)

ORDER
C18-0112-JCC
PAGE - 3

1  and Guadalupe Tapia a payment of $10,000 each for their services as class representatives.

2      5.    This Court GRANTS Plaintiffs' motion for attorney fees (Dkt. No. 160) and

3  AWARDS attorney fees and costs to Plaintiffs' counsel in the amount of $787,500.

4      6.    This case will not be dismissed until Defendants have made all payments and

5  complied with the injunctive relief set forth in the settlement agreement.

6      7.    Plaintiffs shall file a dismissal with prejudice against Defendants Munger,

7  Sarbanand, and Nidia Perez within five business days of receipt of all payments owed under the

8  settlement agreement.

9      DATED this 9th day of June 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE